UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| DAVID PENNER MD, PLLC, a Washington professional limited liability company, d/b/a/ OLYMPIA CENTER FOR TMS & PSYCHIATRY; DAVID PENNER, an individual,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>CLEAR TMS+, PLLC, a Washington professional limited liability company<br><br>　　　　Defendant. | Case No.:<br><br>COMPLAINT<br><br>JURY DEMAND |

Plaintiffs David Penner MD, PLLC, and David Penner, by and through counsel, complain and aver as follows:

## I.  PARTIES, JURISDICTION, AND VENUE

1.1　<u>Status of Plaintiffs</u>. Plaintiff David Penner MD, PLLC is a Washington professional limited liability company with its principal place of business in Thurston County. The sole member of the PLLC is David Penner.

1.2　Plaintiff David Penner is an individual residing in Thurston County, Washington and a citizen of Washington State.

1.3　<u>Status of Defendants</u>. Defendant Clear TMS+, PLLC is a Washington professional limited liability company doing business in the state of Washington. Its principal place of business is in Thurston County, Washington. Upon information and belief, the two

1 members of the Defendant PLLC, John Tanasse and Diana Wilcox, are Washington State residents and citizens.

1.4  Jurisdiction. Federal question jurisdiction is proper pursuant to pursuant to 28 U.S.C. § 1331, because Plaintiff alleges violations of 15 U.S.C. §1125.

1.5  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1.6  Venue. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II.   FACTS

2.1  David Penner, MD, and David Penner MD, PLLC operate a clinic doing business as Olympia Center for TMS & Psychiatry ("the Clinic"). The Clinic is in Thurston County.

2.2  The Clinic offers various types of psychiatric treatments but particularly specializes in transcranial magnetic stimulation ("TMS").

2.3  Defendant Clear TMS+ ("Clear TMS" or "Clear TMS+") appears to be a psychiatric clinic in the Thurston County area and Washington.

2.4  According to Clear TMS's website, they also appear to provide TMS treatment, among other psychiatric treatments.

2.5  David Penner is the name of the physician and owner of the Clinic—Dr. Penner. Dr. Penner has spent years growing his practice and reputation not only for himself but also for the Clinic.

2.6  The Clinic is distinguished by the name of David Penner. "David Penner" is part of the registered PLLC name: "David Penner MD." Further, "David Penner" is the personal name of the physician who owns and operates the Clinic. Such personal name has acquired a secondary meaning such that the name is synonymous in the public mind with the service provided by the Clinic. Dr. Penner is the sole physician at the Clinic.

2.7     The name "David Penner" is a unique and valuable property for which the Clinic utilizes in marketing campaigns, which includes internet advertising.

2.8     The Clinic does business as "Olympia Center for TMS & Psychiatry."

2.9     Dr. Penner has an active registered trademark of "Olympia TMS". The US Registration No. is 6071567.

2.10    The Clinic maintains a website for the promotion of its services. The website is located at https://olympiatms.com/.

2.11    The Clinic receives a sizeable number of client intake calls and referrals from local providers verbally telling patients to call Dr. Penner specifically.

2.12    The Clinic has spent much time and resources developing its reputation through advertisements and marketing.

2.13    The Clinic has developed a niche for TMS treatment.

2.14    At the crux of this case is the intentional and wrongful use of Dr. Penner's name by Clear TMS+ to mislead patients seeking treatment from Dr. Penner to treat with Clear TMS+.

2.15    The Clinic is owned and operated by a medical doctor.

2.16    Clear TMS is owned by a chiropractor and a psychiatric mental health nurse practitioner and managed by that nurse. No owners or employees are medical doctors.

2.17    When Clear TMS runs ads stating or implying it employs a medical doctor it has the capacity to deceive the public and patients as to the nature of the practice and qualifications of the practitioners.

2.18    Attached to **Exhibit A** is a printout of a collection of Google searches. Each search is indicated in the top search bar.

2.19    When running a search in Google with the terms "david penner md olympia," Clear TMS+ pays for an advertisement to be presented under the heading "Accepting New Clients" leading with the name "Dr Penner Olympia – We accept new clients! Transcranial Magnetic Stimulation therapy in Olympia, Tumwater." *See* **Exhibit A** pg. 1**.** The ad goes on to

say, "Learn more – Book a free consultation today." No other treatment provider is named in the advertisement. No healthcare provider that actually works at or is affiliated with Clear TMS+ is named in the advertisement. The intention of this ad is to mislead the public seeking treatment with David Penner into believing that booking with Clear TMS+ is the way of booking with David Penner.

2.20   Clear TMS+ uses the names of other Clinic staff in their ads as well. For example, Lindsay Nourse is a certified physician assistant employed by the Clinic. She is unaffiliated with Clear TMS+. When running a Google search with the terms "lindsay nourse pa-c olympia," a second advertisement sponsored by Clear TMS+ is presented under the heading "Lindsay Nourse" with the description "Get same day appointments – We accept new Clients! Transcranial Magnetic Stimulation therapy in Olympia, Tumwater." *See* **Exhibit A** pg. 2. No other treatment provider is named in the advertisement. No healthcare provider that actually works at or is affiliated with Clear TMS+ is named in the advertisement. This ad misleads patients seeking treatment with Lindsay Nourse to book with Clear TMS+.

2.21   When running the Google search with the terms "david penner md pllc," an ad sponsored by Clear TMS+ is presented. It is under the heading "83% improvement in depression | Dr David Penner Olympia WA." *See* **Exhibit A** pg. 3.  This statistic presented by Clear TMS+ connects David Penner's name to it. On the homepage of Clear TMS+, is says "83% of our patients respond to an acute course of TMS treatment." Therefore, the ad misleads patients to think that David Penner endorses this statistic and Clear TMS+'s treatment.

2.22   Clear TMS+ paid for an ad meta titled "The only TMS for Adolescents | Dr David Penner Olympia WA." *See* **Exhibit A** pg. 3-4. This heading misleads patients to believe the false claim that it is the only TMS service treating adolescents, and that David Penner endorses the claim. Dr. Penner, through his fellowship program, is a child and adolescent psychiatrist. Upon information and belief, no providers at ClearTMS+ have this credential.

2.23   When running the Google search with the terms "lindsay nourse," Clear TMS+ pays for an ad titled "Linsday Nourse | Get same day appointments." *See* **Exhibit A** pg. 6. This

title misleads patients seeking to book with Lindsay Nourse, to book with Clear TMS+ instead, under the impression that she works at Clear TMS+.

2.24    Clear TMS appears to also use Dr. Penner's trademark of "Olympia TMS" in its metatags, as well as the Clinic's trade name of "Olympia Center for TMS". When searching for the Clinic in Google with the terms "olympia center for tms and psychiatry appointment", the sponsored meta title for Clear TMS+'s website says, "Olympia Center For TMS | Get same day appointments," and it redirects one to Clear TMS+'s website. *See* **Exhibit A** pg. 7. The description does not include the name Clear TMS+ anywhere except the domain. This misleads patients seeking to book with the Clinic (dba Olympic Center for TMS & Psychiatry) to instead book with Clear TMS+, believing that it is the Clinic.

2.25    The heading "Olympia Center For TMS" that is paid for and presented by Clear TMS+ infringes both upon the trademark owned by David Penner MD PLLC of "Olympia TMS" and the tradename "Olympia Center for TMS and Psychiatry." *See* **Exhibit B.**

2.26    Clear TMS+ has two registered trade names: Clear TMS, and Clear TMS +. Clear TMS has no registered trade name under Olympia Center For TMS, and the heading has more similarity to the Clinic's tradename than Clear TMS+'s. This similarity causes confusion for patients seeking the Clinic.

2.27    The Clinic is located in Olympia, WA while Clear TMS+ is located in Tumwater, WA. This further removes any reason for Clear TMS+ to have a title including Olympia, unless it is purposely similar to the Clinic with the intent to confuse patients seeking the Clinic to be directed to Clear TMS+.

2.28    Dr. Penner and the Clinic used the phrase David Penner, MD in commerce prior to Clear TMS using it.

2.29    Neither Dr. Penner nor the Clinic are affiliated with Clear TMS+.

2.30    It appears Clear TMS+ is using the Clinic and/or Dr. Penner's tradename and trademark to unfairly divert consumers searching specifically for Dr. Penner or the Clinic, to Clear TMS+'s website.

2.31 There is a likelihood that Dr. Penner's and the Clinic's names have been or will be diluted by Clear TMS's advertisements.

2.32 Upon information and belief, Clear TMS enjoys a commercial benefit from its infringement and trafficking of the use of Dr. Penner's name in its metatags, meta titles, and/or advertising.

2.33 Upon information and belief, Clear TMS can determine how many clicks or "hits" it received when using Dr. Penner's name and the Clinic's name and/or trademark in its metatags and/or meta titles.

2.34 Upon information and belief, Clear TMS has records of its web traffic measurements and Google and/or other search engine analytics for commercial reasons.

2.35 Dr. Penner and the Clinic rely on consumers' knowledge of Dr. Penner's name when consumers are searching for a psychiatrist online.

2.36 Neither the Clinic nor Dr. Penner authorized Clear TMS's use of their names.

2.37 Upon information and belief, Clear TMS's acts have caused and will continue to cause consumers to be diverted away from the Clinic's website, resulting in a loss of an undeterminable amount of business while Clear TMS gains valuable traffic across its website.

2.38 Upon information and belief, a potential patient who may have wanted to book an appointment with Dr. Penner or the Clinic may have been misled and confused when they clicked on Clear TMS's metatag/meta title with Dr. Penner's name, the Clinic's name, or the Clinic's PA's name, and the link took them to Clear TMS's website. This may have led the potential patient to end up not booking an appointment and seeking treatment, leading to potential injury.

2.39 Clear TMS's aforesaid acts have caused and will continue to cause great irreparable injury to the Clinic, Dr. Penner, and the public. Unless said acts are restrained by this court, they will be continued.

2.40 Clear TMS has no intellectual property rights in the use of "David Penner" "Olympia TMS" or "Olympia Center for TMS" or any name that is confusingly similar thereto.

1   2.41   Clear TMS's ads are part of a pattern or generalized course of conduct affecting many consumers and patients.

### III. CAUSES OF ACTION

#### A. UNFAIR COMPETITION UNDER RCW 19.86

3.1   Plaintiff reallege and reaver paragraphs 2.1-2.41 as fully set forth above.

3.2   The Clinic uses Dr. Penner's name as a tradename for the Clinic and its services. The Clinic also uses "Olympia Center for TMS" as a tradename. Dr. Penner registered the trademark of "Olympia TMS."

3.3   Clear TMS had actual notice that the Clinic uses the aforementioned tradenames and/or trademark.

3.4   Clear TMS infringed and continues to infringe on the Clinic's tradename and trademark through its use of "David Penner", "Dr. Penner" "Olympia Center for TMS", "Lindsay Nourse" and similar names in search engine ad-words, metatags, and/or meta titles using the name.

3.5   Clear TMS's commercial use of the infringing domain and use of "David Penner", "Dr. Penner", "Olympia Center for TMS", "Lindsay Nourse" and the like, in its metatags and/or meta titles is causing confusion in the marketplace.

3.6   Clear TMS is intentionally and deceptively using, and will continue to use in commerce, "David Penner", "Dr. Penner", "Olympia Center for TMS", and/or "Lindsay Nourse", and the like, which constitutes false designation or origin, false or misleading description of fact or false or misleading representation of fact, all of which are likely to cause confusion, or to cause mistake or to deceive as to affiliation or connection with Dr. Penner or the Clinic.

3.7   Clear TMS's use of the Clinic and Dr. Penner's tradenames and trademark has the ability to injure the public.

3.8   The use of Dr. Penner's and the Clinic's tradenames and trademark by Clear TMS has injured the Clinic by diverting patients and causing confusion.

3.9     Clear TMS's ads are an unfair or deceptive act or practice occurring in trade or commerce affecting the public interest causing injury to the Clinic and Dr. Penner in violation of RCW 19.86.020. Licensed health practitioners adhere to standards of professional ethics, which speak to misleading statements about their practice. Those standards inform whether an ad is unfair or deceptive pursuant to the consumer protection act.

3.10    The Clinic seeks a permanent injunction prohibiting the use of "David Penner" or "Dr. Penner", "Lindsay Nourse", "Olympia TMS", "Olympia Center for TMS" in any of Clear TMS's metatags, meta titles, advertising or search engine ads otherwise Clear TMS will continue confusing consumers and the Clinic will continue to suffer irreparable injury.

3.11    A trade name may be infringed upon by another even when not exactly like the other use; it is enough if the one so resembles another as to deceive or mislead persons of ordinary caution into the belief that they are dealing with the one concern when in fact they are dealing with the other. *See Wine v. Theodoratus*, 19 Wash. App. 700, 704 (1978) (citing *Holmes v. Border Brokerage Co.*, 51 Wash.2d 746, 750-51, 321 P.2d 898(1958)).

3.12    Whether an act or practice in trade or commerce is unfair or deceptive is an issue of law. A deceptive act or practice is measured by the "net impression" on a reasonable consumer.. A communication can be accurate and truthful, yet still be deceptive if the "'net impression' if conveys" is deceptive. *State v. LA Inv'rs, LLC*, 2 Wash. App. 2d 524, 410 P.3d 1183 (2018) (citations omitted).

**B.  Unfair competition, false designation of origin, and false association in violation of 15 U.S.C. §1125**

3.13    Plaintiff reallege and reaver paragraphs 2.1-2.29 as fully set forth above.

3.14    David Penner is a widely recognized tradename by the general public in Washington, particularly those seeking psychiatric help. "Olympia Center for TMS" is also a widely recognized trade name of the Clinic. "Olympia TMS" is a registered trademark owned by Dr. Penner. Further, "David Penner" is part of the Clinic's registered PLLC name.

3.15   A consumer searching for Dr. Penner and/or the Clinic may have clicked on the meta title containing the name of Dr. Penner and the Clinic and then directed to Clear TMS's active website. This likely leads to consumers believing Clear TMS's services are related and/or affiliated to Dr. Penner and/or the Clinic by way of the unauthorized use of Dr. Penner's and the Clinic's tradenames and trademark. This likely led to consumer confusion. It is misleading to state they are the "only" provider of a service and use Penner's name to divert patients.

3.16   Clear TMS's use of Penner's name has been commercial in nature.

3.17   Clear TMS is a direct competitor of the Clinic's. A commercial advantage has been obtained by Clear TMS, by using its competitor's tradename and trademark on the internet.

3.18   Dr. Penner's and the Clinic's tradenames and trademark have been tarnished and damaged. Clear TMS's acts constitute dilution and willful violation under 15 U.S.C. §1125(c).

3.19   The Clinic is entitled to injunctive relief under 15 U.S.C. §1125(c), regardless of actual or likely confusion, competition, or actual economic injury.

3.20   To prevail on its claim for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must establish that Defendants used in commerce, in connection with any goods or services, "any word, term, name, symbol or device, or any combination thereof, or any false designation of origin" that is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of Defendants with Plaintiff, or "as to the origin, sponsorship, or approval of" Defendants' goods, services, or commercial activities by the Plaintiff. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under § 1125(a) is the same as for a trademark counterfeiting and infringement claim—i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See, e.g.*, Zuru Inc., 2024 WL 1809310, at *2 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992) (Stevens, J., concurring)).

3.21    The Clinic is entitled to an award of lost profits and damages under 15 U.S.C. § 1117.

### C.  Appropriation of Name

3.22    Plaintiff reallege and reaver paragraphs 2.1-2.29 as fully set forth above.

3.23    One who appropriates to her own use or benefit the name of another is subject to liability to the other for invasion of his privacy under Washington's common law. Restatement (Second) of Torts 652C; *see also Chartier v. Carlson*, 32 Wash. App. 2d 1007, 2024 Wash. App. LEXIS 1685, 2024 WL 3862026 (unpublished) (2024) (citations omitted); *Roush v. Akal Sec., Inc.*, 2020 U.S. Dist. LEXIS 188226, 2020 WL 5996424 (recognizing claim yet barred by statute of limitations); *Henley v. Dillard Dep't Stores*, 46 F. Supp. 2d 587 (N.D. Tex 1999).

3.24    Clear TMS has appropriated Plaintiffs's names for commercial purposes.

3.25    Clear TMS is liable to Plaintiffs.

### D.  Personality Rights under RCW 63.60.050, .060

3.22    Plaintiff reallege and reaver paragraphs 2.1-2.29 as fully set forth above.

3.23    Everyone has a property interest in the use of his name. RCW 63.060.010. Anyone who uses another's name in advertising their service without that person's consent has infringed on his right. *See* RCW 63.60.050.

3.24    Clear TMS has appropriated Plaintiffs's names for commercial purposes.

3.25    Clear TMS is liable to Plaintiff David Penner for the greater of $1,500 or the actual damages and any profits attributable to the infringement under RCW 63.60.060(2).

3.26    The Court may enjoin unlawful infringement. RCW 63.60.060(1), (3), (4).

### IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1)    A finding that Clear TMS's use of Plaintiff's name is unfair or deceptive;

(2)    A temporary restraining order pending a preliminary injunction, which should be converted into a permanent injunction enjoining and restraining defendants, and all those acting on their behalf, from the present use of, and further use of, misleading

advertisements, specifically advertisements using Plaintiffs' names or names of people unaffiliated with Defendant in ways that are unfair or deceptive;

(3) An Order instructing Clear TMS+ to cancel and cease from use of the Clinic's tradename and Dr. Penner's trademark and to delete the tradename or trademark from any portion of any metatags or meta titles in internet search engines;

(4) Continuing jurisdiction under federal law and RCW 19.86.140;

(5) Award of damages to the Clinic as a result of damages suffered from Defendant's illegal activities under RCW 19.86.090;

(6) Compensatory damages;

(7) Civil Penalties under RCW 19.86.140;

(8) Disgorgement of profit;

(9) Treble damages;

(10) Taxable costs;

(11) Attorney's fees and costs under 15 U.S.C. § 1117(a) and RCW 19.86.080(1); RCW 19.182.150; and RCW 63.60.060(5); and

(12) For such other and further relief as the Court may deem just and proper.

Dated this 14th day of January, 2025.

ROCKE │ LAW Group, PLLC

*[signature]*
Aaron V. Rocke, WSBA No. 31525
Rocke Law Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
Telephone: (206) 652-8670
Fax: (206) 452-5895
Email: aaron@rockelaw.com
Attorney for Plaintiff