UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| DAVID PENNER, MD, PLLC, a Washington limited liability company, dba OLYMPIA CENTER FOR TMS & PSYCHIATRY,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR TMS+, PLLC, a Washington professional limited liability company,<br><br>Defendant. | Case No. 3:25-cv-05033<br><br>MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD PARTY<br><br>Noted for Consideration: June 6, 2025 |

## I. INTRODUCTION

Dr. Penner and related names appeared on Google searches in connection with Clear TMS+, despite lacking any connection to or approval from Dr. Penner and his clinic. Diana Wilcox, co-owner of Clear TMS+, exhibited knowledge that there were misleading ads and admits her direct contributions to running the ads. She should be joined as a defendant for her contributions to the same transactions and occurrences as Clear TMS+, which will promote trial convenience. Plaintiffs' proposed Amended Complaint is included hereto at Rocke Decl. Ex. 1.

## II. STATEMENT OF FACTS

**A. Wilcox admits to manually entering the ad words.**

Diana Wilcox, co-owner of Clear TMS+, admits her contributions to generating the clinic's ad content. In her declaration, Wilcox writes that she, "entered the ad words manually". Dkt. #11 at ¶4. Record production from Clear TMS supports this, indicating manual entries by the user dwilcox@ClearTMSplus.com. Dkt. #22-1. Entries with Dr. Penner's name are added as early as May 2024. *Id.*

MOTION FOR LEAVE TO
AMEND COMPLAINT
Page 1

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652 8670

On July 23, 2024, dwilcox@ClearTMSplus.com even manually removes "dr david penner" and "david penner", yet the next day adds "david penner" back. Dkt. #22-2.

### B. Wilcox denies malintent yet evidence supports her knowledge of the impact.

Wilcox claims to have no knowledge that Dr. Penner's name appeared in her ads until late 2024. Dkt. #11 at ¶6. However, she made frequent manual changes to the search terms and settings as displayed in record production throughout the months prior and testified that she checked her Google ads at least once per week. *Id.* at ¶4-6.

Further, she utilized the services of a Google representative that informed her about the benefits of AI optimization. She talked with this person over Google Meet and seems to have a basic understanding that AI can create ads for the customer based on searches. Dkt. #11 at ¶5. She writes that she believes "it uses AI to somehow monitor the searches and then create custom advertisements for the customer". This is exactly what it does. What Wilcox fails to mention in her explanation is that the terms are not random, but integrated based on those that she entered as "key words".

### C. Wilcox did not remove ads until the instant lawsuit nor sought help.

Wilcox insists that she removed Dr. Penner's name from any advertisements "immediately" upon noticing them in late 2024. Dkt. #11 at ¶6.

The last indication of a removal of related key words, without them later being added back, however, was not until January 14, 2025, when the instant civil action was filed. Dkt #22-3. If it is a separate action Wilcox refers to, evidence produced does not provide a record of the change. If the delay was due to lack of understanding, as she purports, she does not indicate any communication with her Google representative to learn what occurred or remedy the issue in the months prior to removal in January.

### D. Wilcox resides and operates the business in Western Washington.

Wilcox is a member of the defendant Washington LLC located in Tumwater, Washington and resides in Washington state. Dkt #20 at 1.3.

MOTION FOR LEAVE TO  
AMEND COMPLAINT  
Page 2

ROCKE | LAW Group, PLLC  
500 Union St, Suite 909  
Seattle, WA 98101  
(206) 652 8670

**E. New facts exhibiting Clear TMS use of Penner's name are relevant.**

Paragraph 2.36 in the proposed amended complaint accounts for new facts apparent after the complaint was filed. Rocke Decl. Ex. 1 ¶2.36. This includes the presence of a third-party directory website, TMSTherapyNearMe, which redirects interested patients away from Penner's clinic and toward Clear TMS+ when they inquire for a visit. Alisha Carter, who filed a declaration in support of Penner's motion for temporary restraining order, explained her experiencing this still days after the instant lawsuit was filed. Dkt. 15.

### III. STATEMENT OF ISSUES

1. Whether Plaintiffs should be granted leave to amend complaint for the purpose of joining Diana Wilcox as a defendant; and
2. Whether Plaintiffs should be granted leave to amend complaint for the purpose of adding limited facts and one prayer for relief.

### III. EVIDENCE RELIED UPON

Declaration of Aaron V. Rocke and pleadings and files herein.

### IV. LEGAL ARGUMENT

**A. Leave to amend at this stage is appropriate.**

At this stage prior to trial, Penner can request leave from the Court to amend his complaint under Fed. Rule of Civil Procedure 15(a)(2). Defense counsel was notified and invited to consent to Penner's amending the pleading, but did not respond. Rocke Decl. Ex. 2. Penner attaches the proposed amended complaint to Rocke Declaration as Exhibit 1 per LCR 15(a). Penner files his motion to amend prior to the deadline for filing motion to join parties, May 29, 2025. Dkt. 28.

**B. Diana Wilcox participated in the same series of transactions as Clear TMS.**

Per Federal Rule of Civil Procedure Rule 20(a)(2)(A), persons may be joined if any right to relief is asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences." In this instance, Wilcox directly participated in the creation

MOTION FOR LEAVE TO
AMEND COMPLAINT
Page 3

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652 8670

and perpetuation of the offensive advertisements. Dkt. #11. These are the same series of transactions or occurrences that Penner seeks relief for in the present lawsuit. Dkt. #1 at ¶2.14.

### C. The Court broadly interprets joinder requirements.

The purpose of Rule 20 is to expedite resolution or decision of disputes and encourage trial convenience. Rule 20(a) is broadly construed to help reach that aim, allowing joinder of parties to a case even if they aren't strictly needed. Venue rules should be applied in a way that supports this. *Pacific Coast Dist., M.E.B.A. v. Alaska*, 682 F.2d 797, 1982 U.S. App. LEXIS 17098 (9th Cir. 1982).

### D. Jurisdiction and venue are applicable.

As a resident of Washington State and owner of a business located in the jurisdiction of the Western District of Washington at Tacoma, Wilcox can be joined under the same venue and jurisdiction as current Defendant Clear TMS+ PLLC. The federal question under 15 U.S.C. § 1125 granting this Court jurisdiction of the present suit extends to Wilcox who would be joined for her role in the same transactions.

MOTION FOR LEAVE TO
AMEND COMPLAINT
Page 4

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652 8670

## V. CONCLUSION

Penner requests leave to amend to add a necessary party. Diana Wilcox directly participated in the offending actions. Jurisdiction and venue are still proper with the joinder, and her addition as a party encourages expedited and consolidated proceedings.

DATED this 16th day of May 2025.

ROCKE | LAW Group, PLLC

/s/ A. Rocke

Aaron V. Rocke, WSBA No. 31525
Rocke Law Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
Telephone: (206) 652-8670
Fax: (206) 452-5895
Email: aaron@rockelaw.com
Attorney for Plaintiff

*I certify that this memorandum contains 1,034 words, in compliance with the Local Civil Rules.*

MOTION FOR LEAVE TO
AMEND COMPLAINT
Page 5

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652 8670

# DECLARATION OF SERVICE

I caused a copy of the foregoing Motion for Leave to Amend and Add a Party to be served to the following in the manner indicated:

**Via Email:**

Chris Thayer
Andrew Stokes
701 5th Ave Ste 3600
Seattle, WA 98104-7010
(206) 607-4150
Fax: (206) 467-8215
thayer@carneylaw.com
stokes@carneylaw.com

on today's date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my belief.

Signed and DATED this 16th day of May 2025 in Seattle, Washington.

                                           _s/ Aimee Davenport_
                                           Aimee Davenport, Legal Assistant

MOTION FOR LEAVE TO AMEND COMPLAINT
Page 6

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652 8670