UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID PENNER MD PLLC. et al., | CASE NO. C25-5033 BHS |
| Plaintiff, | ORDER |
| v. | |
| CLEAR TMS+ PLLC, et al., | |
| Defendant. | |

THIS MATTER is before the Court on plaintiff Penner's motion for leave to amend its complaint, Dkt. 31. Penner contends that defendant Clear PTMS+'s owner, Dianna Wilcox, manually input his name into the Google ad generating website that is the subject of the existing complaint against Clear. He seeks to amend his complaint to add her as a defendant. Dkt. 31.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad

ORDER - 1

faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847 RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

Wilcox opposes amendment, arguing it is a "sad example of harassment," and that amendment would be futile. Dkt. 34 at 1–2. She argues and attempts to demonstrate that Penner's factual statements are not true, Dkts. 34 and 35 (Wilcox Declaration), but a factual dispute about the merits of a case is no basis for denying amendment. Wilcox also argues that members of an LLC are not liable for the company's debts obligations, and liabilities. *Id*. at 4. But Penner's claims against Wilcox are based on her own alleged conduct.

Wilcox also asserts that Alisha Carter, who filed a Declaration in support of Penner's prior motion for a TRO, Dkt. 15, is "Penner's sister in law, or at least very familiar with the Penners," and thus "apparently has a bias toward providing suspicious testimony" Dkt. 34 at 8–9. This accusation has no bearing on the motion; it is perhaps a subject for cross examination.

The Court also notes that if it denies Penner's motion, he could, without leave of Court, commence a new lawsuit against Wilcox, and the cases would ultimately be consolidated. That is not a more efficient course. Penner's motion to amend is **GRANTED**. Penner should file his amended complaint within 10 days. Wilcox may assert her defenses through motions practice.

**IT IS SO ORDERED**.

Dated this 26th day of June, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3