THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID PENNER MD, PLLC, a Washington professional limited liability company, d/b/a/ OLYMPIA CENTER FOR TMS & PSYCHIATRY; DAVID PENNER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEAR TMS+, PLLC, a Washington professional limited liability company; DIANA WILCOX, an individual,<br><br>Defendants. | Case No. 3:25-cv-05033<br><br>PLAINTIFFS' MOTION TO AMEND CASE SCHEDULE AND TO FILE SECOND AMENDED COMPLAINT ADDING DEFENDANT TMSTHERAPYNEARME.COM<br><br>NOTE ON MOTION CALENDAR: December 3, 2025 |

## I.     RELIEF REQUESTED

Plaintiffs David Penner MD, PLLC, and David Penner request that the Court grant them relief from the Case Schedule under LCR 16(b)(6) and leave to file their attached Second Amended Complaint under LCR 15(a). Since the inception of this case in January 2025, Plaintiffs have broadcast to both the Court and Defendants' counsel their intent to pursue third-party discovery against TMSTherapyNearMe.com, an online directory of TMS health care services with which Defendants Clear TMS and Wilcox had a subscription, and then to pursue claims against the directory, evidence permitting. Having now had their opportunity to obtain that third-party discovery, the probable has come to pass because Plaintiffs obtained ample evidence that TMSTherapyNearMe.com (both individually and in conjunction with Defendants) engaged in unlawful and deceptive business practices affecting the public interest

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 1

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

in Washington. Plaintiffs now seek the Court's permission to amend their pleading and add those new claims, interwoven as they are with Plaintiffs' existing claims against Defendants Clear TMS and Wilcox.

## II. FACTS

### A. Procedural History

Plaintiffs originally filed their lawsuit on January 14, 2025. *See* Dkt. 1 (Complaint). At the time of the action's filing, Plaintiffs asserted their trademark-based claims for deceptive and misleading advertising under federal and Washington law against only Defendant Clear TMS. *See generally id.* The crux of Plaintiffs' claims against Clear TMS was (and remains) that it misappropriated Plaintiffs' trademark, tradenames, and names in an unlawful series of deceptive advertisements it ran on Google's search engine. *Id.*

On January 15, 2025, Plaintiffs moved for a temporary restraining order "enjoining ClearTMS from using Dr. Penner and the Clinic's tradename/trademark in a misleading way in advertisements," Dkt. 3 at 1:1-3, which motion Clear TMS opposed, Dkts. 7, 9-12. On January 23, 2025, the Court entered its Minute Order denying Plaintiff's motion for emergency injunctive relief as well as Plaintiffs' "oral motion for expedited discovery" in addition to "encourag[ing] the parties to work to resolve this case." Dkt. 16.

Clear TMS filed its Answer to Plaintiffs' original Complaint on February 4, 2025. Dkt. 20. Clear TMS's sixth pleaded affirmative defense was Plaintiff's alleged "[f]ailure to join an indispensable party." *Id.* at 8:15-16. That same day, Plaintiffs filed a Motion for Reconsideration of the Court's January 23 Minute Order denying their request for a TRO, and arguing the following, among other things:

> Plaintiff petitioned this Court to restrain Clear's unfair and unlawful practices and ***orally moved for expedited discovery or leave to file such a motion to identify the owner/operator of TMS[Therapy]NearMe website, which currently deceives the public***. The Court stated it would not consider evidence filed with the reply and denied both motions for reasons that qualify for reconsideration. That evidence was unavailable when the motion was filed, and the defense produced evidence yesterday. Both support the injunction. ***Moreover, the defense answered today that an indispensable party was not joined, which presumably relates to TMS[Therapy]NearMe. That party cannot be identified by Plaintiff and apparently***

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 2

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

> ***not by Defendant, so the power of subpoena is required***. Plaintiff petitions the Court to alter its January 21, 2025, ruling to grant a narrow, modest temporary restraining order and allow expedited discovery by subpoena.

Dkt. 21 at 1:18-27 (emphasis added).

On February 10, 2025, the Court entered the following Order with respect to Plaintiffs' Motion for Reconsideration:

> Penner contends that new evidence supports a TRO, ***and that the Court should permit it to subpoena non-party TMSTherapyNearMe.com on an expedited basis***. It is the Court's general practice to seek a response to a motion for reconsideration in most cases because it cannot grant such a motion unless the opposing party has an opportunity to respond. Local Civil Rule 7(h). The Court therefore requests defendant Clear TMS+ to respond to Penner's motion within 14 days. The Court will not entertain a reply.

Dkt. 23 at 1:15-22 (emphasis added).

On February 12, 2025, the then-parties (*i.e.*, Plaintiffs and Clear TMS) entered the following stipulation through their then counsel of record: "The parties are engaging in an ongoing negotiation and sharing information about the claims. The parties respectfully ask the Court to stay consideration of the Motion for Reconsideration and defer the requirement for Defendant to file a response to Plaintiff's Motion for Reconsideration as ordered at Docket No. 23 until further notice." Dkt. 24 at 1:15-18. The next day (*i.e.*, February 13, 2025), the Court entered its Order Granting the parties' Stipulated Motion. Dkt. 25.

While Plaintiffs' Motion for Reconsideration and formal discovery were held in abeyance to facilitate settlement discussions between the parties, the Court entered its Order Scheduling Jury Trial Dates on April 29, 2025. Dkt. 28. Pursuant to that Scheduling Order, a five-day jury trial is set in this matter for February 17, 2026. *Id.* at 1:12-13. Other significant deadlines include the close of discovery on October 20, 2025, the deadline for filing dispositive motions on November 19, 2025, and (most relevant here) the deadline for the amendment of pleadings on June 9, 2025. *Id.* at 1:12-26.

Plaintiffs timely moved for leave to file a first amended pleading on May 16, 2025, seeking leave to add individual claims against Defendant Wilcox. *See* Dkt. 31. As Plaintiffs

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 3

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

explained at that time, "[Defendant] Wilcox, co-owner of Clear TMS+, exhibited knowledge that there were misleading ads and admits her direct contributions to running the ads" and thus "should be joined as a defendant for her contributions to the same transactions and occurrences as Clear TMS+" in furtherance of "trial convenience." *Id.* at 1:16-20.

Included in Plaintiffs' moving papers at that time, under the heading, "New facts exhibiting Clear TMS use of Penner's name are relevant," *id.* at 3:1, Plaintiffs explained, "Paragraph 2.36 in the proposed amended complaint accounts for new facts apparent after the complaint was filed," including, "the presence of a third-party directory website, TMSTherapyNearMe[.com], which redirects interested patients away from Penner's clinic and toward Clear TMS+ when they inquire for a visit." *id.* at 3:1-7; *see also* Dkt. 15 ¶¶ 2-6 (Alicia Carter's Declaration, averring, "On the evening of January 15, 2025, I Googled 'tms near me' Among the search results, I clicked on a link that read 'TMS Therapy NearMe'. It did not list any specific provider name, but had a description along the lines of, 'find top TMS therapy clinics near you.'").

At the time, Plaintiffs knew that Defendants Clear TMS and Wilcox engaged TMSTherapyNearMe.com to publish advertisements that were "deceitful to the public." *See* Dkt. 32-1 ¶ 2.36 (redline of First Amended Complaint). Specifically, TMSTherapyNearMe.com's online directory was deceptively misleading Washington consumers who believed they were completing online form appointment requests for submission to their TMS health care providers of choice when, in fact, TMSTherapyNearMe.com was transmitting these appointment requests only to TMS providers with paid TMSTherapyNearMe.com subscriptions (e.g., Defendants Clear TMS and Wilcox). *See id.*

In other words, as of May 16, 2025, Plaintiffs knew that TMSTherapyNearMe.com was engaged in an unfair or deceptive act or practice in trade or commerce that injured Plaintiffs'

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 4

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

business.[1] However, after the Court sustained Defendants Clear TMS's and Wilcox's objections to expedited discovery, Plaintiffs had not yet developed evidence sufficient to support a CPA claim against TMSTherapyNearMe.com with respect to the complex but essential showing necessary to establish the "public interest" element of a CPA claim under Washington law.[2]

Meanwhile, counsel for Plaintiffs and Defendants Clear TMS and Wilcox engaged Seattle-area mediator Judge Bruce Hilyer (ret.) to serve as their mediator for this dispute, scheduling a June 17, 2025 mediation with his office. Declaration of Aaron V. Rocke ¶ 1-2. However, on June 11, 2025, new counsel for Defendants Clear TMS and Wilcox (*i.e.*, Tim Billick of Practus, LLP), emailed counsel for Plaintiffs and the mediator's administrator to unilaterally cancel the scheduled mediation session—which was 119 days after the parties stipulated to place Plaintiffs' Motion for Reconsideration in abeyance in facilitate settlement discussions and despite the Court's admonition to the parties to work together toward a resolution. Rocke Decl. ¶ 3.

In any event, the Court granted Plaintiffs' motion seeking leave to file their first amended complaint on June 26, 2025. Dkt. 40. The Court reasoned, in part, "that if [the Court] denies Penner's motion, he could, without leave of Court, commence a new lawsuit against Wilcox, and the cases would ultimately be consolidated," and concluded, "That is not a more efficient course." *Id.* at 3:1-4. Therefore, on July 7, 2025, Plaintiffs filed their (First) Amended Complaint (FAC), adding individual claims against Defendant Wilcox. Dkt. 41.

---

[1] *See Leavitt v. Credit Cent., LLC*, 2024 U.S. Dist. LEXIS 211396, at *9 (W.D. Wash. Nov. 20, 2024) (listing five elements of Washington Consumer Protection Act claim for unfair or deceptive acts or practices) (citing *Indus. Indem. Co. v. Kallevig*, 114 Wash. 2d 907, 920-21, 792 P.2d 520 (1990)).

[2] *See Leavitt*, 2024 U.S. Dist. LEXIS 211396, at *9 (explaining factors for "public interest" CPA element in private transactions: "1) Were the alleged acts committed in the course of defendant's business?; 2) Did defendant advertise to the public in general?; 3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others?; and 4) Did plaintiff and defendant occupy unequal bargaining positions?").

Defendants Clear TMS and Wilcox timely filed their joint Answer to Plaintiffs' FAC on July 21, 2025. Dkt. 43. With respect to the FAC's new allegations regarding TMSTherapyNearMe.com, these Defendants answered as follows:

> Admitted that Clear TMS maintained a paid listing with TMS[Therapy]NearMe.com. Admitted that TMS[Therapy]NearMe.com is an unrelated third-party listing site for TMS providers. Defendants do not have firsthand knowledge of any inner workings of TMS[Therapy]NearMe.com and thus deny the remaining allegations. Defendants are without sufficient information and belief to admit or deny the remaining allegations, and so they are denied.

*Id.* at ¶ 2.36

On August 5, 2025, Plaintiffs and Defendants Clear TMS and Wilcox stipulated to the Court's minor modification of its Case Scheduling Order, requesting that the original August 11, 2025 deadline for initial expert disclosures be continued one week (i.e., until August 18, 2025). *See* Dkt. 44.

As the parties noted at the time, this was the parties' "first request for extension" of any deadline—and to date, it remains the only modification the Court has been asked to make to its Scheduling Order since its entry on April 29, 2025. *See* Dkts. 28, 44 at 1:26. In any event, the Court granted the Parties' stipulated request to extend the expert disclosure deadline. Dkt. 46.

Also on August 5, 2025, Plaintiffs filed with the Court their Notice of Motion of Reconsideration, re-noting the Plaintiff's previously suspended motion requesting that the Court revisit its January 23, 2025 denial of Plaintiffs' Motion for a TRO. Dkt. 45. Defendants Clear TMS and Wilcox filed their joint Response to Plaintiff's Motion for Reconsideration of the TRO Order on August 19, 2025. Dkt. 48. The Defendants' papers argued, among other things, "If Penner wants [TMSTherapyNearMe.Com] in the case, he can seek leave to add them and then seek injunctive relief against them." *Id.* at 5:1-5.

**B. Plaintiffs depose THSTherapyNearMe.com, obtaining numerous key admissions.**

After resolving their initial difficulties identifying TMSTherapyNearMe.com's corporate principals, on September 2, 2025, Plaintiffs served TMSTherapyNearMe.com with a subpoena for the deposition of its corporate representative. Rocke Decl. ¶ 4. After making

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 6

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

scheduling arrangements with TMSTherapyNearMe.com's corporate representative, Suzanne Jessee, Plaintiffs scheduled that deposition to be held via Zoom on October 7, 2025, and with notice to counsel for Defendants Clear TMS and Wilcox. *Id.*[3]

Plaintiffs, their counsel, and TMSTherapyNearMe.com's corporate representative (who appeared without counsel) timely appeared for the scheduled virtual deposition on October 7, 2025. However, Mr. Billick (counsel for Defendants Clear TMS and Wilcox) no-called/no-showed, and the deposition was terminated by Plaintiff's attorney. Rocke Decl. ¶ 5. Only after that deposition was terminated did Mr. Billick belatedly inform Plaintiff's counsel that Defendants did not intend to appear for or participate in the third-party deposition of TMSTherapyNearMe.com's representative. Rocke Decl. ¶ 6

In any event, Plaintiffs subsequently coordinated with TMSTherapyNearMe.com's corporate representative to reschedule the company's third-party deposition for October 10, 2025. Rocke Decl. ¶ 7, Ex. A (deposition transcript). During that virtual deposition, TMSTherapyNearMe.com's representative made several significant admissions about the directory's operations. *See generally* Rocke Decl, Ex. A. The directory's representative's legally significant admissions include (but are not limited to) the following:

- TMSTherapyNearMe.com's directory website is misleading to consumers because the site's user interface gives consumers the false impression that their form-fill appointment requests to the website—which include consumers' confidential medical information—will be shared with only the consumers' specific TMS health care providers of choice;

- Whether that ends up being the case depends entirely upon whether a consumer's TMS provider of choice is a paid subscriber of TMSTherapyNearMe.com's website;

- If the consumer's TMS provider of choice is a paid directory subscriber (*e.g.*, Defendants Clear TMS and Wilcox), the consumer's form-fill appointment request is transmitted directly to (and only to) that consumer's TMS provider of choice;

- If the consumer's TMS provider of choice is not a paid subscriber (*e.g.*, Plaintiffs), the consumer's form-fill appointment request is instead transmitted to TMSTherapyNearMe.com's employees, who work behind the scenes to share the consumer's private medical information and appointment request with paid-subscriber

---

[3] On September 22, 2025, the Court entered its Minute Order requesting that "Plaintiff Penner file a Reply to Defendants' Response" and setting a related deadline, Dkt. 50, which deadline Plaintiffs timely met, filing their reply papers on September 29, 2025, Dkts. 51-52.

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 7

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

TMS providers in the same locale as the consumer's non-subscribing provider of choice;

- In the meantime, TMSTherapyNearMe.com's employees make only perfunctory efforts to contact the consumer's non-subscribing TMS provider of choice about the consumer's specific attempts to use the directory to schedule a medical appointment with that provider, using long-stale contact information scrubbed from the internet in 2019; and

- TMSTherapyNearMe.com's employees actively solicit for directory subscriptions any TMS providers who contact the directory or who receive and respond to this Defendant's "drip campaign" solicitations to directory-listed but non-subscribing TMS providers.

*See, e.g.*, Rocke Decl., Ex. A at 26:8-27.3; 36:8-37:23; 38:15-17; 40:14-18; 49:17-25; 52:25-53:3; 60:2-25.

In short, and as alleged in Plaintiffs' proposed Second Amended Complaint (which is attached to this Motion as **Exhibit 1**), TMSTherapyNearMe.com runs an online pay-to-play scheme that harms Washington consumers seeking TMS health care services in addition to TMS therapy businesses like Plaintiffs, which have not paid TMSTherapyNearMe.com what essentially constitutes protection money.

### III. ARGUMENT

**C. Legal Standards to Amend the Case Schedule and Plaintiffs' Complaint**

"Once a court has entered a scheduling order, the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4) initially governs a plaintiff's ability to amend their complaint." *Silver Fern Chem., Inc. v. Lyons*, 2024 U.S. Dist. LEXIS 168540, at *4 (W.D. Wash. Sep. 18, 2024) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-08 (9th Cir. 1992)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[A] district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citations and quotations omitted).

"If the good cause standard is met, a party must then show that (1) the [pleading's] amendment is proper and (2) that leave is appropriate." *Silver Fern*, 2024 U.S. Dist. LEXIS 168540, at *4 (citing *Nat'l Prods. v. Arkon Res.*, 2016 U.S. Dist. LEXIS 195923, at *4 (W.D.

PLAINTIFFS' MOTION TO AMEND CASE SCHEDULE AND FILE AMENDED COMPLAINT – Page 8

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

Wash. Nov. 8, 2016); *Soaring Helmet Corp. v. Nanal, Inc.*, 2011 U.S. Dist. LEXIS 262, at *4 (W.D. Wash. Jan. 3, 2011)). "This standard is to be applied with 'extreme liberality,' to facilitate the decision of cases 'on the merits rather than on the pleadings or technicalities.'" *Id.* (quoting *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Courts in the Ninth Circuit consider five factors to assess whether to grant leave to amend a pleading under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("the *Allen* factors"). "The Court need not apply all five factors in making its decision." *Advanced Hair Restoration LLC v. Bosley Inc.*, 2025 U.S. Dist. LEXIS 100212, at *4 (W.D. Wash. May 23, 2025) (citing *Castro v. Talcott Resol. Life Ins. Co.*, 2025 U.S. Dist. LEXIS 89138, at *2 (W.D. Wash. May 9, 2025)). "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982).

### D. Plaintiffs Demonstrate Good Cause to Modify the Case Scheduling Order

There is good cause under Rule 16(b)(4) to amend the Court's Case Scheduling Order, Dkt. 28, to permit Plaintiffs to file their Second Amended Complaint adding Washington law claims against TMSTherapyNearMe.com. There is also good cause to modify the Case Scheduling Order generally to provide the parties (including the newly added defendant) with at least four months of formal party discovery under an amended case scheduling order and a renewed opportunity to prosecute dispositive motions once that discovery is completed.

Since the inception of Plaintiffs' action against Defendants Clear TMS and Wilcox, Plaintiffs have communicated to both this Court and Defendants the Plaintiffs' plan to obtain through subpoena evidence from TMSTherapyNearMe.com and to potentially add claims against the directory based on what Plaintiffs learned through that investigatory process. Indeed,

Plaintiffs would have begun and completed this same process months ago but for Defendants Clear TMS and Wilcox agreeing to suspend formal discovery along with the Plaintiffs' Motion for Reconsideration—and with the stated intention of doing so to allow the parties to pursue mediation in good faith.

As of June 9, 2025, the Court's original deadline for the amendment of pleadings, Dkt. 28, Plaintiffs still believed Defendants Clear TMS and Wilcox intended to participate in the parties' then-scheduled mediation on June 17, 2025, with Judge Hilyer (ret.). It was not until June 11, 2025, that Defendants Clear TMS's and Wilcox abruptly terminated the mediation process. *See* Rocke Decl. ¶¶ 2-4. By that time, the deadline for the parties to amend their pleadings had expired.

Although Plaintiffs by then possessed enough evidence to establish an unfair or deceptive act or practice against TMSTherapyNearMe.com for purposes of a Washington Consumer Protection Act claim, they still had not been able to secure through third-party discovery evidence regarding the business model and inner operations of this new Defendant's directory website. *See, e.g.*, *Leavitt v. Credit Cent., LLC*, 2024 U.S. Dist. LEXIS 211396, at *9 (W.D. Wash. Nov. 20, 2024) (listing five CPA elements and explaining factors used to assess "public interest" element).

However, after Plaintiffs' counsel's October 10 deposition of TMSTherapyNearMe.com's corporate representative, Plaintiffs now possess ample evidence supporting allegations that address in detail each element of a CPA claim against the directory. *See, e.g.*, *Clark v. Safeco Ins. Co. of Am.*, 2025 U.S. Dist. LEXIS 179130, at *3-4 (W.D. Wash. Sep. 12, 2025) ("[T]he Court finds Plaintiffs diligently moved to modify the case schedule and amend their complaint upon discovering the extent of Allcat's involvement in the claims process during Safeco's Rule 30(b)(6) Deposition."); *see also* Exhibit 1.

Further, without that deposition, Plaintiffs had no practicable way of ascertaining TMSTherapyNearMe.com's acts and practices with respect to their solicitation of other TMS providers in Washington that are similarly situated to Plaintiffs and suffering the same injury

PLAINTIFFS' MOTION TO AMEND CASE
SCHEDULE AND FILE AMENDED COMPLAINT
– Page 10

ROCKE | LAW Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
(206) 652-8670

as Plaintiffs. *See Leavitt*, 2024 U.S. Dist. LEXIS 211396, at *9 ("Did defendant advertise to the public in general?" and "Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others?").

Finally, Defendants Clear TMS and Wilcox cannot plausibly contend to be prejudiced by Plaintiffs' request for a case schedule amendment affording Plaintiffs the opportunity to prosecute their related claims against TMSTherapyNearMe.com. Indeed, these Defendants' most recent submissions to the Court argued that Plaintiffs should do precisely what Plaintiffs now seek the Court's leave to do. *See* Dkt. 48 at 5:1-5 (Defendants arguing, "If Penner wants [TMSTherapyNearMe.Com] in the case, he can seek leave to add them and then seek injunctive relief against them.").

### E.  The Ninth Circuit's *Allen* Factors Favor Amendment of Plaintiffs' Complaint

The Court should grant Plaintiffs' Motion for Leave to Amend their pleading under Rule 15(a) because each of the Ninth Circuit's five *Allen* factors are either irrelevant here or favor Plaintiffs' request for amendment. *See Allen*, 911 F.2d 367, 373.

*First*, there is no indicia of any bad faith by Plaintiffs in seeking the present amendment of their pleading, and Defendants Clear TMS and Wilcox cannot direct this Court to any plausible evidence of bad faith by Plaintiffs. Instead, these Defendants have to date relied solely on invective, their own subjective suspicions, and attacks upon the purported weight of evidence.

*Second*, Plaintiffs have not delayed their (virtually inevitable) request to add TMSTherapyNearMe.com as a defendant. Instead, by the time Defendants Clear TMS and Wilcox had scuppered the parties' scheduled mediation, the deadline to amend pleadings had come and gone. To the extent there was any delay in Plaintiffs bringing the instant Motion, it was occasioned by the Defendants' mercurial gamesmanship. And, Plaintiffs' prior amendment of their pleading was necessarily limited to the information they had available to them at the time and is therefore irrelevant.

*Finally*, and as explained in the Section above, Defendants Clear TMS and Wilcox can establish neither surprise nor prejudice.

# IV. CONCLUSION

The court should grant the Plaintiff's motion, amend the case scheduling order, and grant Plaintiffs leave to file and serve within 21 days their proposed Second Amended Complaint, a copy of which is attached as **Exhibit 1** to this Motion.

DATED this 12th day of November, 2025.

*Presented by:*

ROCKE | LAW Group, PLLC

*[signature]*

Aaron V. Rocke, WSBA No. 31525
Arthur Simpson, WSBA No. 44479
Rocke Law Group, PLLC
500 Union St, Suite 909
Seattle, WA 98101
Telephone: (206) 652-8670
Fax: (206) 452-5895
Email: aaron@rockelaw.com
Attorneys for Plaintiff

*I certify that this memorandum contains 3,637 words, in compliance with the Local Civil Rules.*

# DECLARATION OF SERVICE

I sent a copy of the foregoing Motion to Amend Case Schedule and Leave to File Amended Complaint to the following in the manner indicated:

**<u>Via Email and ECF to:</u>**

Tim J. Billick, WSBA No. 46690
Practus LLP
600 First Ave, Ste 102
Seattle, WA 98104
E-mail: tim.billick@practus.com
Ph. 206-844-6539

on today's date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my belief.

Signed and DATED this 12th day of November, 2025 in Seattle, Washington.

*s/Kellie Telis*
Kellie Telis, Legal Assistant