THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID PENNER MD, PLLC, a Washington professional limited liability company, d/b/a/ OLYMPIA CENTER FOR TMS & PSYCHIATRY; DAVID PENNER, an<br><br>individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CLEAR TMS+, PLLC, a Washington professional limited liability company; DIANA WILCOX, an individual; TMSTherapyNearMe.com, LLC, a Delaware limited liability company,<br><br>        Defendants. | No. 2:25-CV-05033-BHS<br><br>**MOTION TO DISMISS**<br><br>**Note on Motion Calendar: March 19, 2026** |

Lᴏᴡᴇ Gʀᴀʜᴀᴍ Jᴏɴᴇs ᴘʟʟᴄ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL ALLEGATIONS ...............................................................................2

       A.    Nature of the Case, Jurisdiction, And Venue ................................2
       B.    The SAC's alleged "pay-to-play directory" narrative .................2
       C.    Alleged directory interface functions for subscribers versus non-
             subscribers ......................................................................................3
       D.    Alleged "self-test" and alleged diversion to competitors ..............4
       E.    Alleged connections with the Washington defendants ..................5
       F.    Alleged Washington-facing conduct and asserted harms ............5

III.  LEGAL STANDARD ..........................................................................................6

       A.    Rule 12(b)(1) — Subject-Matter Jurisdiction; Supplemental
             Jurisdiction .....................................................................................6
       B.    Rule 12(b)(2) — Personal Jurisdiction ..........................................8
       C.    Rule 12(b)(6) — Failure to State a Claim ......................................9

IV.   ARGUMENT .......................................................................................................9

       A.    The Court Lacks Subject-Matter Jurisdiction (Rule 12(b)(1)).....9
             1.    The claims against TMSTherapyNearMe do not share a
                   "common nucleus of operative fact" with the Lanham Act
                   claim .....................................................................................10

             2.    Alternatively, the Court should decline to exercise
                   supplemental jurisdiction under 28 U.S.C. § 1367(c) .........11

       B.    The Court Lacks Personal Jurisdiction (Rule 12(b)(2))...............13
             1.    The Court lacks general jurisdiction over
                   TMSTherapyNearMe ...........................................................13

             2.    The Court lacks specific personal jurisdiction over
                   TMSTherapyNearMe ...........................................................13

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - i

**C.**     **Plaintiffs Fail to State a Claim against TMSTherapyNearMe (Rule 12(b)(6)) – CPA (RCW 19.86.020)**.........................................................................17

       **1.**     **The SAC does not plausibly allege an unfair or deceptive act or practice**..................................................................................................18

       **2.**     **The SAC does not plausibly plead public interest impact** ...................20

       **3.**     **The SAC does not plausibly plead injury to business or property and causation**.......................................................................22

**D.**     **Failure to State a Claim (Rule 12(b)(6)) – Common-Law Appropriation of Name** .........................................................................................22

**V.**     **CONCLUSION** .........................................................................................................24

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**TABLE OF AUTHORITIES**

## Cases

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) ................................7, 12

*Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104 (W.D. Wash. 2010) ..22

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017).........8, 16

*Bahrampour v. Lampert*, 356 F.3d 969 (9th Cir. 2004) ..........................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................9

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025)............................................15

*Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)............8

*Calder v. Jones*, 465 U.S. 783 (1984)........................................................................8

*Cf. Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011).........15

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ............................14

*Daimler AG v. Bauman*, 571 U.S. 117 (2014).....................................................8, 13

*Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d
    1545 (9th Cir. 1994) .........................................................................................8, 12

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778,
    784–85, 719 P.2d 531 (1986) ................................................................. 18, 20, 22

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023)................15

*Husky Int'l Trucks, Inc. v. Navistar, Inc.*, No. C10-5409BHS, 2010 WL 4053082,
    2010 U.S. Dist. LEXIS 109570 *15 (W.D. Wash. Oct. 14, 2010) .....................21

*Jennings v. Seattle Hous. Auth.*, No. C08-1820JLR, 2010 U.S. Dist. LEXIS 58492
    *4 (W.D. Wash. June 11, 2010) .........................................................................12

*Jiangong Lei v. City of Lynden*, No. C14-0650-JCC, 2014 WL 6611382, 2014 U.S.
    Dist. LEXIS 162777 *9 (W.D. Wash. Nov. 20, 2014) ........................................11

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

*Lee v. City of L.A.*, 250 F.3d 668 (9th Cir. 2001) ......................................................9

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) ...................................................7

McClellon v. Capital One Bank, N.A., No. C18-0909-JCC, Order at 7–8 (W.D. Wash. Oct. 22, 2018) .........................................................................................21

*Michael v. Mosquera-Lacy*, 165 Wn.2d 595 (2009) .................................................21

*Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054 (W.D. Wash. 2020) ...............20

*New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302 (9th Cir. 1992) ....23

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ...................................14

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .............................7

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) 8, 14, 16, ..........17

*Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923 (9th Cir. 2003) .................................7, 10

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) ....................... 7, 10, 12

*United States ex rel. Hill v. Teledyne, Inc.*, No. 95-55866, 1996 U.S. App. LEXIS 30178 (9th Cir. Nov. 18, 1996) .........................................................................11

*Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256 (W.D. Wash. 2009) 20

*Walden v. Fiore*, 571 U.S. 277 (2014) .................................................... 8, 14, 16, 17

*West Coast, Inc. v. Snohomish Cnty.*, 33 F. Supp. 2d 924 (W.D. Wash. 1999) ......12

**Statutes**

15 U.S.C. 1125 ...........................................................................................................1

28 U.S.C. § 1367 ........................................................................................................7

28 U.S.C. § 1367(a) ..................................................................... 1, 7, 10, 13

28 U.S.C. § 1367(c) ..................................................................... 1, 7, 11, 12

RCW 19.86.020 ...................................................................................................1, 9

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

RCW 19.86.093(3) .................................................................................................. 20

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 6

Fed. R. Civ. P. 12(b)(2) ......................................................................................... 1, 8

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2, 9, 17

Fed. R. Civ. P. 12(d) .............................................................................................. 11

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 9

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - v

1

2

## I.    INTRODUCTION

3

4    Defendant TMSTherapyNearMe.com, LLC ("TMSTherapyNearMe") moves to dismiss

5    the Second Amended Complaint (Dkt. No. 74 "SAC") on multiple independent grounds. The SAC

6    asserts only two state-law claims against TMSTherapyNearMe—(i) a claim under Washington's

7    Consumer Protection Act ("CPA"), RCW 19.86.020 (Cause of Action B), and (ii) a common-law

8    "appropriation of name" claim (Cause of Action D). The SAC asserts no federal cause of action

9    against TMSTherapyNearMe. The only federal claim pleaded in the SAC (a Lanham Act claim,

10   15 U.S.C. 1125) is asserted solely against the other defendants.

11    First, TMSTherapyNearMe moves to dismiss under Federal Rule of Civil Procedure

12   12(b)(1) because the Court lacks subject-matter jurisdiction over the claims against

13   TMSTherapyNearMe. The SAC pleads no federal claim against TMSTherapyNearMe, and

14   Plaintiffs' state-law claims against TMSTherapyNearMe do not fall within the Court's

15   supplemental jurisdiction under 28 U.S.C. § 1367(a) because they do not form part of the same

16   case or controversy as the claims within the Court's original jurisdiction. Alternatively, even if §

17   1367(a) were satisfied, the Court should decline supplemental jurisdiction under 28 U.S.C. §

18   1367(c).

19    Second, TMSTherapyNearMe moves to dismiss under Federal Rule of Civil Procedure

20   12(b)(2) because Plaintiffs have not pleaded facts establishing either general or specific personal

21

22   jurisdiction over TMSTherapyNearMe in Washington. The SAC alleges TMSTherapyNearMe is

23   headquartered in California, and it does not plausibly allege suit-related conduct purposefully

24   directed at Washington sufficient to support jurisdiction consistent with due process.

25

26

27

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 1

Third, TMSTherapyNearMe moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the SAC fails to plead facts sufficient to state either of the two claims asserted against TMSTherapyNearMe. With respect to the CPA claim (Cause of Action B), the SAC does not plausibly allege the required elements: an identifiable unfair or deceptive act, causation, injury to business or property, and impact on the public interest. With respect to the common-law appropriation of name claim (Cause of Action D), the SAC pleads only conclusory assertions and does not allege facts showing an actionable appropriation of Plaintiffs' name for TMSTherapyNearMe's commercial advantage as required under Washington law.

For these reasons, the Court should dismiss the SAC as to TMSTherapyNearMe.

## II.    FACTUAL ALLEGATIONS

### A.    Nature of the Case, Jurisdiction, And Venue

Plaintiffs allege TMSTherapyNearMe.com, LLC is a Delaware limited liability company "doing business throughout the country, including in the state of Washington," with its principal place of business in Rancho Mirage, California. (SAC at ¶ 1.4.) Plaintiffs further allege TMSTherapyNearMe's two LLC members—Suzanne Jessee and Breanna Splain—are California residents and citizens. (SAC at ¶ 1.4.) Plaintiffs plead federal-question jurisdiction based on alleged Lanham Act violations by other defendants and assert supplemental jurisdiction over the state-law claims. (SAC at ¶¶ 1.5–1.6.) They allege venue is proper in this District because the Washington defendants are located here and "a substantial part of the events or omissions giving rise to the claims against each Defendant occurred in this judicial district." (SAC at ¶ 1.7.)

### B.    The SAC's alleged "pay-to-play directory" narrative

Plaintiffs allege TMSTherapyNearMe operates an online directory of health care providers who treat patients using transcranial magnetic stimulation ("TMS") using an allegedly "unfair and

MOTION TO DISMISS
3:25-cv-05033-BHS - 2

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

deceptive" "pay to play" scheme. (SAC at ¶ 2.34.) According to the SAC, TMSTherapyNearMe maintains an "extensive" directory of TMS providers based on contact information "scrubbed from the Web," and then "surreptitiously" diverts consumers who are interested in non-subscribing providers toward providers who pay subscription fees. (SAC at ¶¶ 2.35, 2.37.) Plaintiffs allege the directory "covers all 50 states" and "claims to include" entries for the "majority" of the nation's TMS providers, including Plaintiffs and the Washington defendants. (SAC at ¶ 2.36.) They allege inclusion in the directory is not "opt-in," but instead based on whether a provider's contact information is publicly posted online. (SAC at ¶ 2.37.)

Plaintiffs further allege that, for many providers, the directory's contact information was "scrubbed from the Web back in 2019," and that TMSTherapyNearMe has made "no systematic efforts to update" the information since. (SAC at ¶ 2.38.) They allege the directory contains "many thousands" of providers nationwide. (SAC at ¶ 2.39.) As to Washington, Plaintiffs allege the directory is organized into 33 city-based subdivisions, and that the Olympia subdirectory contains 45 provider entries, including multiple entries related to Plaintiffs. (SAC at ¶¶ 2.40–2.41.)

### C.    Alleged directory interface functions for subscribers versus non-subscribers

Plaintiffs allege that when a consumer navigates to a directory listing page for a specific provider (e.g., Dr. Penner), the website presents a form to schedule an appointment located immediately beneath the provider's name and contact information, and that the form requests the consumer's private health care information. (SAC at ¶ 2.44.) Plaintiffs allege that the "obvious inference" to a reasonable consumer is that completing that form submits an appointment request to the provider whose name and contact information appear above the form. (SAC at ¶ 2.45.)

Plaintiffs then allege the site's handling of form submissions depends on whether the listed provider is a paid subscriber. (SAC at ¶ 2.46.) For paid subscribers, Plaintiffs allege

LOWE GRAHAM JONES PLLC

TMSTherapyNearMe provides "exclusive access" to consumer appointment requests made on that subscriber's entry page: consumers are directed to complete the form, and once submitted, the website transmits the data directly to the subscriber's "designated and verified email address." (SAC at ¶¶ 2.48–2.50.)

For non-subscribing providers, Plaintiffs allege consumers are presented with the same form, but their information (including private health care information) is not submitted directly to the non-subscribing provider. (SAC at ¶¶ 2.53–2.55.) Instead, Plaintiffs allege the information is transmitted to TMSTherapyNearMe's "employees and contractors," who "work behind the scenes" to redirect consumers to "any paying-subscriber TMS providers in the geographic area." (SAC at ¶ 2.55.) Plaintiffs allege the directory's employees sometimes "belatedly attempt" to transmit inquiries to the non-subscribing provider, but only after first alerting the non-subscribing provider's "two closest" subscribing competitors. (SAC at ¶ 2.56.) Plaintiffs also allege the directory's use of "stale" contact information predictably causes such efforts to fail. (SAC at ¶¶ 2.57–2.58.)

Plaintiffs allege that when TMSTherapyNearMe's efforts to contact non-subscribing providers fail, the directory's employees nevertheless tell consumers the preferred provider is not available and/or did not answer the directory's inquiries—an allegation Plaintiffs tie to their own "self-test" attempts described below. (SAC at ¶ 2.59.) Plaintiffs allege that, as a result, many non-subscribing Washington providers "have not (and will not)" receive any correspondence regarding these "leads," while subscribing competitors will receive those leads. (SAC at ¶ 2.60.)

### D. Alleged "self-test" and alleged diversion to competitors

Plaintiffs allege that Plaintiffs and their agents "on multiple occasions" submitted form-fill appointment requests on TMSTherapyNearMe.com specifically seeking TMS appointments with

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 4

Dr. Penner or the Clinic, neither of whom Plaintiffs allege is a paid subscriber. (SAC at ¶ 2.61.) Plaintiffs allege that when Dr. Penner filled out a form seeking TMS services from himself, neither he nor the Clinic received any correspondence regarding the "lead" from TMSTherapyNearMe. (SAC at ¶ 2.62.) Plaintiffs allege that, instead, Dr. Penner was "immediately contacted" by competitors, including the Washington defendants and a non-party competitor, Neurostim, offering TMS services. (SAC at ¶ 2.63.)

### E.    Alleged connections with the Washington defendants

Plaintiffs allege that Clear TMS "engaged" TMSTherapyNearMe "for marketing," and identify Diana Wilcox as the person at Clear TMS who made marketing decisions and "engaged" TMSTherapyNearMe. (SAC at ¶¶ 2.17, 2.34.) Plaintiffs further allege—without additional operational detail—that "each Defendant was fully aware and understood" that "the arrangement between the Defendants" would provide Clear TMS and Wilcox with opportunities to "preemptively capture Plaintiffs' prospective clients." (SAC at ¶ 2.64.) Plaintiffs also allege TMSTherapyNearMe "informs its subscribers (e.g., Clear TMS and Wilcox)" of its business practices vis-à-vis non-subscribing competitors, including the practices Plaintiffs characterize as anticompetitive, unfair, misleading, and deceptive. (SAC at ¶ 2.65.)

### F.    Alleged Washington-facing conduct and asserted harms

Plaintiffs allege TMSTherapyNearMe's acts and practices occur in trade or commerce in Washington and detrimentally impact Washington consumers who use Google to search for TMS providers. (SAC at ¶¶ 3.14–3.15.) They allege TMSTherapyNearMe "actively and effectively uses the Web to solicit Washington consumers" through search engine optimization, and as a result has an "outsized market share" in the TMS therapy space. (SAC at ¶¶ 3.16–3.17.) They also allege

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 5

TMSTherapyNearMe "solicits Washington TMS health care providers," offering access to the alleged subscription model. (SAC at ¶ 3.18.)

As to injury, Plaintiffs allege they have been "economically injured" by TMSTherapyNearMe in the form of prospective patients being redirected and diverted toward Clear TMS, Wilcox, and other competing Washington businesses (including Neurostim). (SAC at ¶ 2.66.) Plaintiffs also allege the challenged practices are "likely to harm" Washington consumers and competing TMS providers, and that consumers are "unaware" that the handling of their form submissions depends on whether their chosen provider is a paid subscriber. (SAC at ¶¶ 2.67–2.69.) Plaintiffs allege the "net result" is subversion of consumer choice and interference with the market for TMS services. (SAC at ¶¶ 2.71–2.72.)

Finally, Plaintiffs allege TMSTherapyNearMe "actively solicits Washington consumers" and has deployed SEO to rank highly for searches such as "TMS therapy providers near me," and assert that any Washington consumer searching for TMS providers will "probably" come across and "likely" use the directory. (SAC at ¶¶ 2.73–2.74.) Plaintiffs also allege neither the Clinic nor Dr. Penner authorized TMSTherapyNearMe's use of their names. (SAC at ¶ 2.76.)

## III.    LEGAL STANDARD

### A.    Rule 12(b)(1) — Subject-Matter Jurisdiction; Supplemental Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate a case only if authorized by the Constitution and federal statutes. A party may move to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1).

A Rule 12(b)(1) motion may present either a facial attack (challenging the sufficiency of jurisdictional allegations on the face of the complaint) or a factual attack (contesting the truth of jurisdictional allegations). In a facial attack, the court accepts the complaint's jurisdictional

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1   allegations as true and draws reasonable inferences in the plaintiff's favor. *See Safe Air for*

2   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the court may consider

3   evidence outside the pleadings and need not presume the truth of the plaintiff's allegations. *See*

4   *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014).

6        Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. § 1367 over claims against

7   TMSTherapyNearMe. (SAC at ¶ 1.6.) Section 1367(a) provides that, in any civil action in which

8   the district courts have original jurisdiction, the district courts "shall have supplemental

9   jurisdiction over all other claims that are so related to claims in the action within such original

10  jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. §

11  1367(a). Supplemental jurisdiction extends to claims involving the joinder of additional parties.

12  *Id.*

14       A state-law claim is part of the same Article III "case or controversy" only if it shares a

15  "common nucleus of operative fact" with the federal claim. *See United Mine Workers of Am. v.*

16  *Gibbs*, 383 U.S. 715, 725 (1966) (hereinafter "*Gibbs*"); *Trs. of the Constr. Indus. & Laborers*

17  *Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)

18  (hereinafter "*Laborers Health*"). Even where § 1367(a) is satisfied, the Court "may decline to

19  exercise supplemental jurisdiction" if one of the grounds in § 1367(c) applies, including where the

20  claim raises novel or complex issues of state law, substantially predominates over the federal

21  claim, or where there are other compelling reasons. 28 U.S.C. § 1367(c)(1)–(4). The Ninth Circuit

22  has emphasized that § 1367(c) discretion is guided by the values of economy, convenience,

23  fairness, and comity. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000–01 (9th Cir. 1997) (en

24  banc); *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1557

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 7

(9th Cir. 1994) *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008).

### B.    Rule 12(b)(2) — Personal Jurisdiction

A defendant may move to dismiss for "lack of personal jurisdiction" under Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). Where, as here, the motion is decided on the pleadings and affidavits (without an evidentiary hearing), the plaintiff bears the burden to make a prima facie showing of personal jurisdiction, and the court resolves factual disputes in the plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Personal jurisdiction may be general or specific. General jurisdiction exists only where a defendant's affiliations with the forum are so "continuous and systematic" as to render it essentially at home there. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Specific jurisdiction requires a showing that (1) the defendant purposefully directed its activities at the forum or purposefully availed itself of the privilege of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. See Schwarzenegger, 374 F.3d at 802.

In intentional-tort cases, the Ninth Circuit applies a "purposeful direction" analysis informed by the "Calder effects test." *See Schwarzenegger*, 374 F.3d at 804 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Under that framework, the plaintiff must show the defendant committed an intentional act, expressly aimed at the forum state, causing harm the defendant knows is likely to be suffered in the forum. *See id.* And since the decision in *Walden v. Fiore*, 571 U.S. 277 (2014), the Ninth Circuit requires that the defendant's conduct be connected to the forum itself, not merely to a plaintiff who resides there. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–70 (9th Cir. 2017) (discussing *Walden*, 571 U.S. at 283).

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 8

### C.    Rule 12(b)(6) — Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded factual allegations as true, but need not accept legal conclusions couched as factual allegations. *Id.* at 678–79.

As a general rule, the court may consider only the complaint, documents attached to the complaint, documents incorporated by reference, and matters subject to judicial notice. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). If matters outside the pleadings are presented and not excluded, the motion must generally be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

### IV.    ARGUMENT

### A.    The Court Lacks Subject-Matter Jurisdiction (Rule 12(b)(1))

Plaintiffs invoke federal-question jurisdiction based on a Lanham Act claim against the Washington defendants (Clear TMS and Wilcox) and allege that this Court may exercise supplemental jurisdiction over state-law claims. (SAC at ¶¶ 1.5–1.6.) But the SAC asserts no federal claim against TMSTherapyNearMe; the only claims asserted against TMSTherapyNearMe are state-law claims under Washington's Consumer Protection Act (RCW 19.86.020) and common-law appropriation of name. (SAC at ¶¶ 3.13–3.20, 3.30–3.33.) Because those state-law

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

claims against TMSTherapyNearMe do not form part of the same Article III "case or controversy" as the Lanham Act claim, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367(a). Alternatively, even if the Court concludes it has power under § 1367(a), it should decline to exercise supplemental jurisdiction under § 1367(c).

### 1.    The claims against TMSTherapyNearMe do not share a "common nucleus of operative fact" with the Lanham Act claim

Section 1367(a) extends supplemental jurisdiction only to claims "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). A state-law claim is part of the same "case or controversy" only when it shares a "common nucleus of operative fact" with the federal claim and the state and federal claims "would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004); *Laborers Health*, 333 F.3d at 925; *Gibbs*, 383 U.S. at 725.

Here, the Lanham Act claim (Cause of Action C) is asserted only against Clear TMS and Wilcox and arises from alleged use of Plaintiffs' names and marks in Google ads, ad "meta titles," and related advertising/marketing materials. (SAC at ¶¶ 2.19–2.33, 3.21–3.29.) The claims against TMSTherapyNearMe (Causes of Action B and D) arise instead from a different alleged course of conduct: operation of a nationwide online directory and alleged "pay-to-play" lead-routing practices tied to subscription status, including the design and function of an online intake form and alleged transmission of form submissions to paid subscribers or competitors. (SAC at ¶¶ 2.34–2.72, 3.13–3.20, 3.30–3.33.)

Although Plaintiffs attempt to connect TMSTherapyNearMe to Clear TMS by alleging that Clear TMS "engaged" TMSTherapyNearMe "for marketing" and that "each Defendant" understood an "arrangement" would give Clear TMS opportunities to "preemptively capture" prospective clients, those allegations do not supply the required factual overlap between the federal

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

advertising claims and the separate directory/lead-routing theory. (SAC at ¶¶ 2.17, 2.34, 2.64–2.65.) The Lanham Act claim turns on the content, placement, and likely consumer confusion effects of Clear TMS's ads/meta titles and alleged use of Plaintiffs' name and marks. (SAC at ¶¶ 2.19–2.33, 3.21–3.29.) By contrast, the claims against TMSTherapyNearMe turn on how TMSTherapyNearMe's website is structured, what its interface communicates to consumers, how form submissions are routed, and how (and to whom) data is transmitted based on subscription status. (SAC at ¶¶ 2.42–2.60, 2.66–2.70.) Those are distinct factual inquiries, involving different conduct, different proof, and different witnesses.

The Ninth Circuit has affirmed dismissal for lack of subject-matter jurisdiction where a plaintiff's state-law claims against one defendant did not share a common nucleus of fact with the federal claim supplying original jurisdiction. *United States ex rel. Hill v. Teledyne, Inc.*, No. 95-55866, 1996 U.S. App. LEXIS 30178 (9th Cir. Nov. 18, 1996), *reported in Table Case format at* 103 F.3d 143. This Court has dismissed state law claims against third parties absent sufficient evidentiary overlap showing a common nucleus of operative fact. *Jiangong Lei v. City of Lynden*, No. C14-0650-JCC, 2014 WL 6611382, 2014 U.S. Dist. LEXIS 162777 *9 (W.D. Wash. Nov. 20, 2014) ("In the Ninth Circuit, there is no common nucleus of operative fact if 'there is no evidentiary overlap whatsoever between [the] claims.'") (quoting *U.S. ex rel. Hill*, 103 F.3d at 1).

Because Plaintiffs' state-law claims against TMSTherapyNearMe do not arise from the same nucleus of operative facts as the Lanham Act claim against Clear TMS and Wilcox, § 1367(a) does not confer supplemental jurisdiction over TMSTherapyNearMe.

### 2. Alternatively, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)

Even where § 1367(a) is satisfied, the Court "may decline to exercise supplemental jurisdiction" if one or more § 1367(c) grounds applies. 28 U.S.C. § 1367(c)(1)–(4). In deciding

LOWE GRAHAM JONES PLLC

whether to decline, courts consider the "values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000–01 (9th Cir. 1997) (en banc); *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994).

This case presents multiple bases to decline jurisdiction:

- <u>Section 1367(c)(2) (substantial predominance)</u>. The TMSTherapyNearMe claims would substantially predominate in discovery and proof because they require litigation of a nationwide directory business model, website architecture, subscription practices, and alleged routing of consumer submissions—matters largely irrelevant to the Lanham Act advertising dispute between Plaintiffs and the Washington defendants. (SAC at ¶¶ 2.34–2.72.)

- <u>Section 1367(c)(1) and/or (c)(4) (novel/complex state issues; compelling reasons)</u>. Plaintiffs' theory seeks to apply the Washington CPA and a common-law privacy tort to a nationwide directory's alleged interface and lead-routing practices. That state-law-focused controversy raises materially different issues than the federal false-association/false-designation questions and risks jury confusion and unfair prejudice if tried alongside the Lanham Act claim. (SAC at ¶¶ 2.42–2.70, 3.13–3.20, 3.30–3.33.)

Courts routinely remand or dismiss state-law claims when the *Gibbs* "common nucleus of operative fact" standard or when § 1367 favor adjudication in state court. *See, e.g., West Coast, Inc. v. Snohomish Cnty.*, 33 F. Supp. 2d 924, 926–27 (W.D. Wash. 1999) (remanding state-law claims and emphasizing economy, convenience, fairness, and comity); *Jennings v. Seattle Hous. Auth.*, No. C08-1820JLR, 2010 U.S. Dist. LEXIS 58492 *4 (W.D. Wash. June 11, 2010) (declining supplemental jurisdiction over remaining state-law claims under § 1367(c)(3)).

Lowe Graham Jones PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 12

Accordingly, even if the Court concludes it has supplemental jurisdiction under § 1367(a), it should decline to exercise that jurisdiction and dismiss the claims against TMSTherapyNearMe without prejudice.

## B.     The Court Lacks Personal Jurisdiction (Rule 12(b)(2))

The SAC does not plead facts establishing either general or specific personal jurisdiction over TMSTherapyNearMe in Washington. TMSTherapyNearMe is alleged to be a Delaware LLC with its principal place of business in Rancho Mirage, California, and with members who are California residents and citizens. (SAC at ¶ 1.4.) The SAC's generalized allegations that TMSTherapyNearMe "do[es] business throughout the country, including in the state of Washington," and operates a nationwide website accessible in Washington are insufficient to establish personal jurisdiction consistent with due process. (SAC at ¶¶ 1.4, 2.36, 2.73–2.74.)

### 1.     The Court lacks general jurisdiction over TMSTherapyNearMe

General jurisdiction exists only where a defendant is "essentially at home" in the forum—typically its state of incorporation and principal place of business. Daimler, 571 U.S. at 127. TMSTherapyNearMe is not alleged to be incorporated in Washington, headquartered in Washington, or to have its principal place of business in Washington. (SAC at ¶ 1.4.) To the contrary, Plaintiffs allege it is a Delaware entity with its principal place of business in California and California members. (SAC at ¶ 1.4.) Those allegations foreclose general jurisdiction.

### 2.     The Court lacks specific personal jurisdiction over TMSTherapyNearMe

Specific jurisdiction requires a prima facie showing that (1) TMSTherapyNearMe purposefully directed its conduct at Washington or purposefully availed itself of the privilege of conducting activities here; (2) the claims arise out of or relate to TMSTherapyNearMe's Washington-related contacts; and (3) the exercise of jurisdiction would be reasonable.

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Plaintiffs fail at each step.

### a.    The SAC does not plausibly allege purposeful direction or purposeful availment

For claims sounding in tort, the Ninth Circuit evaluates purposeful direction using the Calder effects test as refined by *Walden* and its Ninth Circuit progeny: the defendant must commit an intentional act, expressly aimed at the forum, causing harm the defendant knows is likely to be suffered there. *Schwarzenegger*, 374 F.3d at 803; *Axiom*, 874 F.3d at 1068–70 (discussing *Walden*, 571 U.S. at 283). "The plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

Here, the SAC's jurisdictional allegations against TMSTherapyNearMe are largely about a nationwide website and business model: the directory "covers all 50 states," includes Washington listings, and allegedly ranks highly in Google results for searches such as "TMS therapy providers near me." (SAC at ¶¶ 2.36, 2.40–2.41, 2.73–2.74.) The Ninth Circuit has long held that the mere operation of a website accessible in the forum, without more, is insufficient to establish purposeful direction or availment. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) ("Creating a site, like placing a product into the stream of commerce, may be felt nationwide-or even worldwide-but, without more, it is not an act purposefully directed toward the forum state."); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156–58 (9th Cir. 2006) (passive website and domain name not "expressly aimed" at forum).

The SAC also alleges, in generalized terms, that TMSTherapyNearMe "actively solicits Washington consumers" and Washington providers and that Washington consumers will "probably" come across and "likely" utilize the site. (SAC at ¶¶ 2.73–2.74, 3.16–3.18.) But the SAC does not allege Washington-specific advertising, Washington-directed marketing campaigns,

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Washington-only content, Washington-specific agreements, or other facts showing deliberate targeting of Washington as opposed to the operation of a nationwide website. *Cf. Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229–31 (9th Cir. 2011) (finding specific jurisdiction where website operator exploited a forum-specific market and cultivated a substantial forum audience).

Nor do Plaintiffs allege the kind of forum-connected conduct found sufficient in recent Ninth Circuit cases. For example, in *Herbal Brands*, the court found purposeful direction where defendants sold products through an interactive website and caused products to be delivered to the forum as part of their regular course of business. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090–92 (9th Cir. 2023). The SAC does not allege that TMSTherapyNearMe regularly consummates Washington transactions of that sort with Washington consumers.

And while the Ninth Circuit's has rejected a requirement of "differential targeting" in all internet cases, it still requires allegations that the defendant deliberately targeted the plaintiff in the forum through forum-connected conduct. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 757 (9th Cir. 2025) (en banc). In *Briskin*, defendants' alleged use of geolocation to know the plaintiff's device was in the forum when installing cookies and extracting and commercializing the forum resident's data. *Id.* at 756 n.13. The SAC contains no comparable allegation that TMSTherapyNearMe used geolocation or other similar technology to identify Washington users or to target Washington residents in a manner tied to Washington.

Finally, Plaintiffs' attempt to link TMSTherapyNearMe to Clear TMS (a Washington defendant) does not establish purposeful direction by TMSTherapyNearMe toward Washington. Plaintiffs allege only that Clear TMS "engaged" TMSTherapyNearMe "for marketing" and that "each Defendant" understood an "arrangement" would provide Clear TMS opportunities to capture

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 15

prospective clients. (SAC at ¶¶ 2.17, 2.34, 2.64.) Those are conclusory statements about a relationship with another defendant, not factual allegations that TMSTherapyNearMe itself purposefully directed suit-related conduct at Washington. This alleged "connection" is no different from the many thousands of other nationwide business relationships TMSTherapyNearMe maintains with clients and subscribers across the country. The Supreme Court has made clear that a defendant's purported link to the forum cannot be established merely by virtue of a third party's residence or in-forum contacts. *Walden*, 571 U.S. at 285–86 (holding that the plaintiff's Nevada residence could not supply the "necessary connection" between the defendant and the forum). The Ninth Circuit has applied *Walden* to reject jurisdiction where the only asserted forum "connection" was that a defendant's conduct happened to reach a small number of forum residents through a broad, non-forum-directed distribution—contacts that are "random, fortuitous, or attenuated" rather than forum-focused. *Axiom*, 874 F.3d at 1069–71 (no express aiming where an email newsletter was sent to hundreds of recipients and only a handful were located in the forum). Here, the SAC alleges only that Clear TMS—a Washington-based entity—chose to subscribe to TMSTherapyNearMe's nationwide directory service. That is precisely the type of plaintiff- or third-party-driven contact that *Walden* holds is insufficient, because the forum connection arises from the unilateral activity or location of someone other than the defendant, not from TMSTherapyNearMe's own forum-directed conduct.

> **b.** **The SAC does not plausibly allege that Plaintiffs' claims arise out of or relate to Washington-directed contacts by TMSTherapyNearMe**

Even if the SAC alleged some Washington contacts, Plaintiffs must also show their claims "arise out of or relate to" TMSTherapyNearMe's forum-related conduct. *Schwarzenegger*, 374 F.3d at 802.

LOWE GRAHAM JONES PLLC

The claims against TMSTherapyNearMe turn on alleged website design and lead-routing practices that Plaintiffs describe as nationwide and dependent on subscription status, not Washington-specific conduct. (SAC at ¶¶ 2.34–2.72, 3.13–3.20, 3.30–3.33.) Plaintiffs' described "self-test" likewise alleges a form submission on the site and subsequent contacts from competitors, but it does not plead facts showing that any Washington-directed contact (as opposed to the claimed general business logic of the site) caused the alleged injury. (SAC at ¶¶ 2.61–2.63.) Under *Walden*, an alleged injury felt in Washington because Plaintiffs are located here does not itself establish that the claims arise from TMSTherapyNearMe's contacts with Washington. *Walden*, 571 U.S. at 285.

### c.    Exercising jurisdiction would be unreasonable

If Plaintiffs could satisfy the first two prongs (they cannot), the burden would shift to TMSTherapyNearMe to present a "compelling case" that exercising jurisdiction would be unreasonable. *Schwarzenegger*, 374 F.3d at 802. The reasonableness factors further underscore why jurisdiction is improper here: TMSTherapyNearMe is alleged to be headquartered in California with California members; Washington's interest in adjudicating claims against a California-based directory is diminished where Plaintiffs plead a nationwide business model rather than Washington-specific conduct; and litigating the distinct, website-focused claims against TMSTherapyNearMe in this forum would create inefficiency and risk confusion given the separate advertising/trademark issues against the Washington defendants. (SAC at ¶ 1.4.)

Because Plaintiffs have not pleaded facts supporting general or specific personal jurisdiction, the Court should dismiss TMSTherapyNearMe under Rule 12(b)(2).

### C.    Plaintiffs Fail to State a Claim against TMSTherapyNearMe (Rule 12(b)(6)) – CPA (RCW 19.86.020)

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 17

To state a private claim under Washington's Consumer Protection Act, a plaintiff must plead facts supporting five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to the plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986). The SAC does not plausibly plead several of these required elements.

### 1.     The SAC does not plausibly allege an unfair or deceptive act or practice

The SAC's theory is that TMSTherapyNearMe's directory interface creates an "obvious inference" that completing the intake form beneath a provider's name submits an appointment request to that provider. (SAC at ¶¶ 2.44–2.45.) But the SAC does not identify any specific affirmative misrepresentation by TMSTherapyNearMe, nor does it plead particularized facts showing what TMSTherapyNearMe "said" (or omitted to say), to whom, and why a reasonable consumer would be deceived as a matter of plausibility under *Twombly/Iqbal*. *See Hangman Ridge*, 105 Wn.2d at 784–85.

Plaintiffs' own factual allegations also undermine the core "obvious inference" theory. The SAC alleges that TMSTherapyNearMe's employees "belatedly attempt" to transmit inquiries to non-subscribing providers. (SAC ¶ 2.56.) And in Plaintiffs' "self-test," they allege only that the chosen provider (Dr. Penner/the Clinic) did not receive the inquiry on at least one occasion—not that the chosen provider never receives inquiries—while also alleging that competitors contacted Dr. Penner after the submission. (SAC ¶¶ 2.61–2.63.) Taken together, those allegations are at least as consistent with delay, stale contact information, or ordinary operational error as they are with a systematic "deceptive" practice. *Twombly*, 550 U.S. at 556–57 (where allegations are equally consistent with lawful conduct, plaintiff must plead more than speculation); *Iqbal*, 556 U.S. at 678 (plausibility requires more than a sheer possibility of misconduct).

LOWE GRAHAM JONES PLLC

If the chosen provider is sometimes contacted (even "belatedly"), then the SAC's premise that the form submission is categorically withheld from the chosen provider is not plausibly alleged. And if there were isolated instances where the chosen provider did not receive a particular inquiry, the SAC pleads no nonconclusory facts showing that non-receipt was the product of deception—rather than negligence, oversight, technical failure, or some other nondeceptive explanation. A private CPA claim cannot be built on conjecture about what "must have happened" in a particular form submission when Plaintiffs' own allegations indicate the routing outcome can vary.

Finally, to the extent Plaintiffs' theory is that the form submission is shared with additional providers (including subscribing competitors), deception would turn on what the website actually disclosed to the user at the point of submission—e.g., whether the user was presented with (and assented to) language authorizing contact by multiple providers or acknowledging that the submission would be shared. Yet the SAC pleads no facts describing the form's disclosures, any click-wrap terms, checkboxes, consent language, or the "net impression" of any such terms—only Plaintiffs' conclusory assertion about what a user would infer. Without allegations about what the user saw and agreed to, Plaintiffs do not plausibly plead a deceptive act or practice by implication.

Where, as here, Plaintiffs' CPA theory rests on alleged deception by implication, it must at a minimum satisfy Rule 8's plausibility standard by pleading nonconclusory facts showing what the website communicated (or failed to disclose) and why a reasonable consumer would likely be misled. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

To the extent Plaintiffs are alleging an overarching fraudulent scheme or intent to deceive (as opposed to merely alleging conduct with a "capacity to deceive"), courts applying Washington law treat the CPA claim as "sounding in fraud" and require compliance with Rule 9(b)'s

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

heightened particularity requirements (the who, what, when, where, and how). *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020) (explaining that while not all CPA claims are subject to Rule 9(b), CPA claims that allege and depend upon a "unified course of fraudulent conduct" or an overarching fraudulent scheme or intent to deceive must be pleaded with particularity; citing *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009)).

Conversely, where the CPA theory proceeds only on the objective "capacity to deceive" (without alleging a fraudulent scheme or intent to deceive), Rule 9(b) does not apply; the claim is still subject to Rule 8's plausibility requirement. *Nemykina*, 461 F. Supp. 3d at 1058–59 (distinguishing cases in which Rule 9(b) was inapplicable because the CPA claim was not grounded in fraud).

### 2. The SAC does not plausibly plead public interest impact

Even if the SAC alleged some unfair or deceptive act, a private CPA claim requires facts showing public interest impact. *Hangman Ridge*, 105 Wn.2d at 784–85; RCW 19.86.093. Plaintiffs can satisfy this element only by pleading facts showing that the challenged practice injured other persons or had the capacity to injure other persons in a concrete, non-speculative way. RCW 19.86.093(3). The SAC does not do so.

Instead, Plaintiffs rely on generalized, forward-looking predictions that the challenged practices "likely" harm consumers and that consumers will "probably" encounter the website through search engines. (SAC ¶¶ 2.67–2.74.) Those allegations amount to conjecture about what unidentified third parties might experience, not factual allegations showing that the challenged conduct actually affects (or is likely to affect) members of the public beyond Plaintiffs themselves. See *McClellon v. Capital One Bank, N.A.*, No. C18-0909-JCC, Order at 7–8 (W.D. Wash. Oct.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

22, 2018) (dismissing CPA claim where allegations were "specific to him" and did not show deceptive practice with potential to mislead the public at large).

More fundamentally, even accepting Plaintiffs' premise that users of the site are confused or misled regarding which provider will respond to their online contact form, the SAC contains no nonconclusory facts showing that any confusion occurs with sufficient regularity or repeatability to constitute a public-facing practice. Washington law requires a "real and substantial potential for repetition," not isolated, plaintiff-initiated incidents or one-off interactions. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604–05 (2009). The SAC alleges no pattern, no volume, no consumer complaints, no repeated consumer experiences, and no facts suggesting systemic, recurring confusion among the public—only Plaintiffs' theory that confusion *could* occur. Where, as here, the alleged harm reflects an essentially private competitor dispute and turns on speculative assumptions about consumer reactions, the public interest element is not plausibly pleaded. *See Husky Int'l Trucks, Inc. v. Navistar, Inc.*, No. C10-5409BHS, 2010 WL 4053082, 2010 U.S. Dist. LEXIS 109570 *15 (W.D. Wash. Oct. 14, 2010) (dismissing CPA claim where allegations reflected a private dispute between businesses and did not establish impact on the public at large).

Washington courts reject CPA claims where the alleged harm depends on hypothetical consumer reactions or unproven assumptions about confusion, because such allegations do not establish the "real and substantial potential for repetition" required for public interest impact. *See, e.g., Michael*, 165 Wn.2d at 604–05 (public interest requirement not met where alleged deception was isolated and not shown to affect others). Without facts showing that numerous consumers actually encountered and were misled by the challenged conduct—and that such conduct poses a continuing threat to the public—the SAC does not plausibly plead the required public interest impact.

LOWE GRAHAM JONES ₚₗₗc

### 3.     The SAC does not plausibly plead injury to business or property and causation

The SAC alleges Plaintiffs were "economically injured" because prospective patients were "redirected and diverted" to competitors. (SAC at ¶ 2.66.) But competitors are free to purchase advertising or otherwise pay for greater visibility, and the SAC pleads no nonconclusory facts showing that any alleged loss of business resulted from conduct that was unfair or deceptive under the CPA rather than normal, lawful competitive activity. *See Hangman Ridge*, 105 Wn.2d at 784–85 (CPA injury must be concrete and caused by the challenged act). Washington courts hold that speculation about lost customers or assumed consumer confusion is insufficient, particularly where the alleged conduct reflects isolated, provider-specific interactions rather than a repeated, market-wide practice affecting the public at large.

Here, the SAC offers only conjecture that unidentified consumers were misled, that they would have selected Plaintiffs but for the alleged conduct, even though numerous independent factors—such as proximity, pricing, provider experience, appointment availability, website appeal, staff interactions, or personal patient preferences—could readily explain why a consumer might choose a different clinic for reasons entirely unrelated to the alleged practices.

Moreover, the SAC's "self-test" allegations (that Dr. Penner received calls from competitors after submitting a form to his own listing) do not, without more, plausibly show that any consumer was deceived at all, let alone that any misrepresentation proximately caused an injury to Plaintiffs' business or property.

### D.     Failure to State a Claim (Rule 12(b)(6)) – Common-Law Appropriation of Name

Washington recognizes a common-law tort of appropriation (misappropriation) of name or likeness. *See Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1113 (W.D. Wash. 2010). The Restatement formulation of the tort provides that "[o]ne who appropriates to his own use or

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

benefit the name or likeness of another is subject to liability to the other for invasion of his privacy," and the "common form" of invasion is use of a person's name or likeness to advertise the defendant's business or product or for a similar endorsement-style commercial purpose. Restatement (Second) of Torts § 652C & cmt. b (Am. L. Inst. 1977).

Critically, Washington courts applying the common-law tort recognize that it is circumscribed by First Amendment principles: when a defendant uses a person's identity in connection with protected speech on a matter of public concern—rather than to suggest the person's endorsement of the defendant or the defendant's goods or services—the claim fails. *See Aronson*, 738 F. Supp. 2d at 1113 (granting special motion to strike misappropriation and privacy claims arising from a documentary film and recognizing documentary filmmaking as protected speech on an issue of public concern).

The SAC does not plausibly allege an actionable appropriation here. Plaintiffs allege TMSTherapyNearMe included Plaintiffs' names in directory listings and used the names without authorization. (SAC at ¶ 2.76.) But the SAC pleads no facts showing TMSTherapyNearMe used Plaintiffs' names to suggest an endorsement or sponsorship by plaintiffs. Nor does the SAC allege TMSTherapyNearMe advertised its services by suggesting Plaintiffs' approval, affiliation, or promotion. Instead, at most the SAC alleges nominative use of provider names as part of listing content that identifies the referenced provider. Such nominative identification—using a name to refer to the person or provider being described—is protected and does not itself communicate sponsorship or endorsement. *See New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Conclusory assertions that directory-style identification is an "appropriation" for TMSTherapyNearMe's "commercial advantage" do not satisfy Rule 8 absent factual

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

MOTION TO DISMISS
3:25-cv-05033-BHS - 23

allegations showing a use that goes beyond identifying the listed provider and into endorsement-style promotion.

Accordingly, the common-law appropriation of name claim should be dismissed under Rule 12(b)(6).

## V.     CONCLUSION

For the foregoing reasons, TMSTherapyNearMe respectfully requests that the Court dismiss the Second Amended Complaint as to TMSTherapyNearMe for lack of subject-matter jurisdiction and personal jurisdiction, and for failure to state a claim. In the alternative, if any dismissal is entered without prejudice, it should be limited to the claims against TMSTherapyNearMe.

*I hereby certify that this memorandum contains 6,785 words in compliance with the Local Civil Rules*

Dated this 19th day of February 2026.

LOWE GRAHAM JONES PLLC


Mark P. Walters, WSBA No. 30819
walters@LoweGrahamJones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301