UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID PENNER MD PLLC. et al.,

Plaintiffs,

v.

CLEAR TMS+ PLLC, et al.,

Defendants.

CASE NO. C25-5033 BHS

ORDER

THIS MATTER is before the Court on plaintiffs David Penner and Olympia Center for TMS & Psychiatry's renewed motion for reconsideration, Dkts. 21 and 45, of the Court's Order, Dkt. 16, denying his motion for preliminary injunctive relief, Dkt. 3.

Penner generally alleges that defendants Clear TMS+ and Wilcox (his competitors) created internet advertisements using Penner's and the clinic's name, such that a potential patient "googling" for Penner would be directed to Clear. Penner alleges that this re-directing occurred through a third party directory, "TMSTherapyNearMe.com."

ORDER - 1

The Court denied the motion in part because Wilcox asserted that it was moot, based on her prompt removal of the offending ads, and that she did not intend for them to use his name. Dkt. 16.

Penner now argues that he has learned that Wilcox manually entered the search terms. He also learned that TMSTherapy was the directory re-routing patients from Penner to Clear. Part of his motion seeks discovery into that entity.[1] TMSTherapy is now a defendant, and this request is moot.

Clear argues persuasively that its purchasing or using a "keyword" is not itself a trademark infringement, and that Clear is not liable for contributing to an infringement by an entity (TMSTherapy) over which it has not control. Dkt. 48 at 3 (citing *1-800 Contacts, Inc. v. Lens.Com, Inc.,* 722 F.3d 1229, 1241 (10th Cir. 2013) ("Merely purchasing such a keyword cannot, on its own, give rise to liability for infringement.")). It also asserts that Clear has ceased using Google ads.

Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

---

[1] The Court regrets the delay in resolving a motion that is now largely moot. It would have been denied even absent subsequent developments.

ORDER - 2

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

ORDER - 3

Penner has not demonstrated the required likelihood of success on at least his trademark claim against Clear, or that he faces immediate harm in the absence of injunctive relief against Clear. It also concludes that the equities and the public interest do not favor injunctive relief.

Penner's motion for reconsideration, Dkts. 21 and 45, is DENIED. The parties competing motions for summary judgment, Dkts. 57 and 59, and defendant TMSTherapy's motion to dismiss, Dkt. 86, will be addressed in a separate Order.

IT IS SO ORDERED.

Dated this 26th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4