UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID PENNER MD PLLC, et al.,

Plaintiffs,

v.

CLEAR TMS+ PLLC, et al.,

Defendants.

CASE NO. C25-5033 BHS

ORDER

THIS MATTER is before the Court on defendant TMSTherapyNearMe.com, LLC's ("TMSTherapy") motion to dismiss, Dkt. 86.

Penner is a psychiatrist in Thurston County. He owns and operates the Olympia Center for TMS & Psychiatry, a clinic registered as David Penner MD, PLLC. Penner and his clinic offer psychiatric treatments and specialize in transcranial magnetic stimulation (TMS). Penner has a registered trademark for "Olympia TMS." Dkt. 74 at 3.

Penner alleges another TMS psychiatric clinic, Clear TMS+, PLLC, and its owner, Diana Wilcox, infringed on the Olympia TMS trademark while advertising its services. *Id.* at 3. Clear engaged TMSTherapy to assist with marketing. *Id.* at 6.

ORDER - 1

TMSTherapy is an online, nationwide directory of TMS service providers. *Id.* at 2. Penner alleges that TMSTherapy engages in unfair and deceptive business practices through its paid subscription service and patient data practices. *Id.* at 8, 11–12. He asserts that when a patient submits a request to TMSTherapy for a non-subscribing provider like himself, it diverts the inquiry to paying, subscribing providers like Clear instead. *Id.* at 10–11. In doing so, he alleges, TMSTherapy shares private medical data with subscribing providers, rather than the intended, preferred, often non-subscribing provider, breaching consumers' reasonable expectation of privacy and confidentiality. *Id.* at 11–12. TMSTherapy is registered in Delaware and has its principal place of business in California. *Id.* at 2.

Penner brings false designation and false description trademark claims under 15 U.S.C. § 1125 against Wilcox and Clear; Washington consumer protection act (CPA) claims under RCW 19.86.020 against Wilcox, Clear, and TMSTherapy; appropriation of name claims against Clear and TMSTherapy; and a personality rights claim under RCW 63.60.050, .060 against Clear. *Id.* at 13–18.

TMSTherapy moves to dismiss. Dkt. 86. It argues the Court lacks subject matter jurisdiction over the state law claims because they do not constitute the same case or controversy as Penner's federal trademark claims against Clear and Wilcox. *Id.* at 7. It also argues the Court lacks both general and specific personal jurisdiction over it. *Id.* Finally, TMSTherapy contends Penner has not plausibly pled either of his claims against it. *Id.* at 8.

ORDER - 2

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Generally, the Court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

"A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute." *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441 RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008).

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the claims must derive from a "common nucleus of operative fact" for the court to exercise supplemental jurisdiction. *United Mine Workers*

*v. Gibbs*, 383 U.S. 715, 725 (1966); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025).

If this requirement is met, district courts may nonetheless decline to exercise supplemental jurisdiction over a state law claim if:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This decision is one of judicial discretion and may be based on such factors as "judicial economy, convenience, fairness and comity." *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001). *See Royal Canin*, 604 U.S. at 32 (In the circumstances set out by 28 U.S.C. § 1367(c), "federal law is not where the real action is . . . the court may (and indeed, ordinarily should) kick the case to state court."). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

TMSTherapy argues the CPA and appropriation of name state law claims do not fall under the same case or controversy as Penner's federal claims against Clear and Wilcox. Dkt. 86 at 16–27. Alternatively, it asks the Court to decline supplemental jurisdiction over the claims under § 1367(c).

ORDER - 4

Penner responds that there is a "direct factual overlap" between the claims. Dkt. 88 at 15. He argues that if the Court were to dismiss his claims against TMSTherapy for lack of subject matter jurisdiction, he would "merely file an independent lawsuit against it under the Court's diversity jurisdiction and then seek to consolidate the two related actions." *Id.* at 15–16.

The Court agrees with TMSTherapy. Penner's claims against TMSTherapy are premised on its "pay-to-play" scheme, which, he contends, prioritizes paying, subscribing providers over non-subscribing providers. Dkt. 74 at 15. His federal Lanham Act claims—and state law claims—against Clear and Wilcox are entirely different, based on alleged tradename and trademark infringement. *Id.* at 16. The fact that Clear and Wilcox used TMSTherapy for advertising is not enough to comprise a common nucleus of operative fact.

Penner asserts he will otherwise re-file his claims against TMSTherapy in a new diversity suit and then seek consolidation.[1] The Court will decide that issue at that time.

For now, the Court declines to exercise supplemental jurisdiction over Penner's state law claims against TMSTherapy. They do not constitute the same case or controversy as his federal claims against Clear and Wilcox.

---

[1] In its previous Order granting Penner's motion to amend, Dkt. 69 at 2, the Court acknowledged that Penner could and would likely seek to consolidate a new action against TMSTherapy with this case. The Court did not have the amended complaint nor the detailed analysis about the factual basis underlying Penner's claims against TMSTherapy. There was no motion before the Court at that stage and the Court's acknowledgement of Penner's strategy did not constitute a ruling.

ORDER - 5

TMSTherapy's motion to dismiss, Dkt. 86, is **GRANTED**. Penner's claims against TMSTherapy are **DISMISSED without prejudice**.

IT IS SO ORDERED.

Dated this 5th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6